IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRED HOFFMAN, III, #01662898, | § | |
| Plaintiff, | § | United States Courts<br>Southern District of Texas<br>FILED |
| v. | § | OCT 04 2018 |
| SGT. JAVIER MURO, COREY FURR, | § | |
| CHRISTI GARCIA, VERONICA INMON, | § | David J. Bradley, Clerk of Court |
| CINTHIA GUZMAN, JOHN GONZALES, | § | CIVIL ACTION. _____ |
| SONIA GUTIERREZ, and JAMES | § | JURY DEMANDED |
| THOMPSON, III. | § | |
| Defendants. | § | |

PLAINTIFF'S VERIFIED COMPLAINT WITH JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

This is a civil rights action filed by FRED HOFFMAN, III, a state prisoner, for declaratory and also injunctive relief under U.S.C. § 1983, for defendants knowingly and intentionally causing deprivations and that deprivations are violations of the Equal Protection Act, Religious Land Use and Institutionalized Persons Act (RLUIPA), and Due Process Clause, a federal retaliation claim, violations of the Eighth Amendment to the United States Constitution, violations of the First Amendment to the United States Constitution, violations of the Fourteenth Amendment to the United States Constitution, violations of the Americans with Disabilities Act under 42 U.S.C. § 12132, all stemming from a Campaign of Harassment by the Defendants with multiple acts. The Plaintiff also alleges the torts of assault and battery. The Plaintiff states:

PAGE 1

## I. LIBERAL CONSTRUCTION RULE

1.    In addition to construing this Complaint liberally by law, this Court should know that the Plaintiff does not have an education in the field of law, and is limited to proper resources to litigate this claim. Plaintiff might fail to cite proper legal authority, confuse legal theories, or use poor syntax and/or even sentence construction. Please at all times construe this Complaint and Declaration liberally. SEE: HAINES v. KERNER, 404 US 519, 30 L.Ed.2d 652, 92 S.Ct. 594 (1972).

## II. JURISDICTION & VENUE

2.    This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). The Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

3.    The Southern District of Texas is an appropriate venue under 28 U.S.C. Section 1391 (b)(2), because it is where the events giving rise to this claim occurred, the Plaintiff resides within the territorial limits of this Court, and Defendants, through their duties, are also doing business throughout this part of the State of Texas. Also it should be noted that there are multiple acts that are Ultra Vires as well.

## III. PRE-SUIT NOTICE OF CLAIM

4.    Plaintiff duly and properly notified defendants herein of this claim more than sixty (60) days prior to the filing of this Complaint in this Cause.

## IV. DISCOVERY CONTROL PLAN

5.   Plaintiff intends to conduct discovery in this suit in full compliance with Rules 26-37 of the Federal Rules of Civil Procedure.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.   Plaintiff has exhausted all administrative remedies for all claims in this Complaint, and as proof attaches as EXHIBITS all the Step 1 & 2 Grievances needed to show proof of exhaustion.

## VI. PLAINTIFF'S PLACE OF PRESENT CONFINEMENT

7.   The Plaintiff is currently confined in the McConnell Unit in Beeville, Texas, which is a unit that is part of the Texas Dept. of Criminal Justice (TDCJ-CID).

## VII. PARTIES TO THIS SUIT

8.       **Plaintiff:** FRED HOFFMAN, III, TDCJ# 1662898, McConnell Unit, 3001 S. Emily Dr., Beeville, Texas 78102.

9.     **Defendants:** SGT. JAVIER MURO, at all times relevant is a Sergeant of Correctional Officers assigned to the McConnell Unit & is employed by TDCJ-CID. His mailing address is 3001 S. Emily Drive, Beeville, Texas 78102.

10.            LT. CHRISTI L. GARCIA, at all times relevant is a Lieutenant of Correctional Officers assigned to the McConnell Unit & is employed by TDCJ. Her mailing address is 3001 S. Emily Drive, Beeville, Texas 78102.

11.            CINTHIA GUZMAN, at all times relevant is a Sergeant of Correctional Officers assigned to the McConnell Unit & is employed by TDCJ-CID. Mail to 3001 S. Emily Dr., Beeville, Texas 78102

12.             VERONICA INMON, at all times relevant is a
                Classification Case Manager II assigned to
                the McConnell Unit & is employed by TDCJ-CID.
                Her mailing address is 3001 S. Emily Drive,
                Beeville, Texas 78102.

13.             COREY FURR, at all times relevant is a ASST.
                HEAD WARDEN assigned to the McConnell Unit &
                is employed by TDCJ-CID. His mailing address
                is 3001 S. Emily Dr., Beeville, Texas 78102.

14.             JOHN C. GONZALES, at all times relevant is a
                Lieutentant of Correctional Officers assigned
                to the McConnell Unit & is employed by TDCJ-CID.
                His mailing address is 3001 S. Emily Drive,
                Beeville, Texas 78102.

15.             SONIA GUTIERREZ, at all times relevant is a
                Correctional Officer IV assigned to the ML
                Unit and is employed by TDCJ-CID. Her mailing
                address is 3001 S. Emily Drive, Beeville, Texas
                78102.

16.             JAMES THOMPSON, III, at all times relevant is a
                Major of Correctional Officers assigned to the
                McConnell Unit (ML) & is employed by TDCJ-CID.
                His mailing address is 3001 S. Emily Drive,
                Beeville, Texas 78102.

17.   All defendants are sued in their official and individual
capacities. All the Defendants have acted, and continue to act,
under color of state law at all times relevant to this complaint.

## VIII. BRIEF DESCRIPTION OF ACT(S) OR OMMISSION(S) OF THE DEFENDANTS

18.   SGT. JAVIER MURO, ensures a Campaign of Harassment is carried out against the Plaintiff; retaliated against the Plaintiff for his redress of grievances under the First Amendment; violated the Plaintiff's First Amendment rights by the intentional, deliberate and malicious destruction of Plaintiff's typewriter -- an instrument used for activities protected by the First Amendment --; the writing of falsified disciplinary cases, or causing them to be written & served; assault; battery; denial of religious beard; denial of due process; and violated the Plaintiff's Eighth Amendment rights as well. He also denied Plaintiff access to Courts.

19.   CHRISTIE GARCIA, ensures a Campaign of Harassment is carried out against the Plaintiff; retaliated against the Plaintiff for his redress of grievances under the First Amendment; violated the Plaintiff's first Amendment rights to Freedom of Speech; the writing of falsified disciplinary cases; the acting as Disciplinary Hearing Officer in falsified disciplinary cases and ensuring that Plaintiff was found guilty of a false case; denial of due process; denial of religious food; denial of diabetic snack (required); and violated the Plaintiff's Eighth Amendment rights as well.

20.   CINTHIA GUZMAN, ensures a Campaign of Harassment is carried out against the Plaintiff; retaliated against the Plaintiff for his redress of grievances under the First Amendment; violated the Plaintiff's Eighth Amendment rights by denying cold water for 3 days in a row; denial of due process; and refusing to investigate a falsified disciplinary case, with direct knowledge of its falsity. GUZMAN is also guilty of nepotism with MURO, against the Plaintiff.

PAGE 5

21.   VERONICA INMON, retaliated against the Plaintiff for his testimony against her in Court in a case where he was NOT the Plaintiff; retaliated against the Plaintiff for his redress of grievances under the First Amendment; denial of the Equal Protection Clause; denial of due process; and ensures a Campaign of Harassment is carried out against the Plaintiff.

22.   COREY FURR, ensures a Campaign of Harassment is carried out against the Plaintiff; retaliated against the Plaintiff for his redress of Grievances under the First Amendment; denial of the Equal Protection Clause; Substantial and Procedural Due Process violations; failure to respond to Plaintiff's request for help, with prior knowledge of the claims, in an act of deliberate indifference; and failure to train or re-train his subordinates.

23.   JOHN C. GONZALES, ensures a Campaign of Harassment is carried out against the Plaintiff; retaliated against the Plaintiff for his redress of grievances under the First Amendment; compromised an official internal investigation against the other Defendants, to impair the verity of the investigation, and affect the outcome; threatend, coerced, and altered the testimony of four witnesses on the Plaintiff's behalf in an official investigation; denial of due process; and violated the Equal Protection Clause.

24.   SONIA GUTIERREZ, ensures a Campaign of Harassment is carried out against the Plaintiff; retaliated against the Plaintiff for his redress of grievances under the First Amendment; violated the ADA Act and Equal Protection Clause; and violated the Plaintiff's Eighth Amendment rights as well. She also committed theft as well.

25.   JAMES THOMPSON, III, ensures a Campaign of Harassment is carried out against the Plaintiff; retaliated against the Plaintiff for his redress of grievances under the First Amendment; denial of the Equal Protection Clause with INMON in an official hearing; the denial of due process; and ensured that Plaintiff was denied his earned upgrade in custody status in retaliation for reporting of MURO and GARCIA's conduct.

## IX. STATEMENT OF THE FACTS & CLAIMS

26.   Plaintiff was diagnosed with Occipital Lobe seizures and also Temporal-Parietal-Occipital seizures at the age of eleven, from a serious blow to the head during an accident while snow-skiing in Leogang, Austria. Throughout his lifetime since that he has needed medication in order to keep this disorder under control. Due to insurance difficulties at times and his being incarcerated has made this a challenge.

27   Plaintiff was also diagnosed with Complex Partial Seizures at the age of thirteen, from serious carbon monoxide poisoning of twenty-two percent of his blood, and being hospitalized for two weeks for blood transfusions. The seizures were a side effect of that exposure, and throughout his lifetime he has needed medication in order to keep this disorder under control as well.

28.   Plaintiff was also diagnosed with diabetes type II at the age of thirty-two. Throughout his lifetime since that he has needed medication in order to keep this disease/disorder under control.

29.   Plaintiff was also diagnosed with Post Traumatic Stress Disorder (PTSD) at the age of twenty-two, for his time in the U.S. Air Force, while stationed in Europe. Throughout his lifetime he has needed medication in order to combat and treat this disorder.

PAGE 7

30.   The above is established to show how the major life activities of the Plaintiff are affected by his long diagnosed disorders and diseases, and that these impairments well establish the fact that the Plaintiff is indeed qualified and well established as a true person with disabilities.

31.   This establishes the Plaintiff's class -- Plaintiff belongs to a viable sub-class of the prison population - i.e. those who engage in constitutionally protected writ writing -- A "writ writer" or also referred to as a "Jail-house Lawyer", is generally understood to mean a prisoner who files lawsuits, and/or assists other inmates in the preparation or prosecution of lawsuits, usually against the prison (or sometimes jail) authorities and including conditions of confinement and habeas cases and suits against law enforcement and court personnel.

32.   Defendants created an environment to ensure a Campaign of Harassment was allowed to be carried out un-impeded by unit staff, in retaliation for the Plaintiff redressing his grievances. The Defendants worked in concert to violate my First, Eighth, and also Fourteenth Amendment Rights by retaliating further, denial of due process both procedurally and substantially, committed assault and battery, theft, denial of religious beard, denial of religious food, denial of medical needs (insulin, medical appointments, & food), assaultive behavior, agressive behavior, and offensive behavior.

33.   The Campaign of Harassment consisted of, but is not limited to the following: harassment over my religious beard, harassment for my redressing grievances, filing false disciplinary cases, ordering other unit staff to write more false disciplinary cases, treatment that was unjustifiably humiliating, frightening, degrading and

anti-ethical to human dignity in regards to the assault & battery, legal papers were confiscated and/or destroyed which impaired the Plaintiff's ability to present his case effectively in State court and was both interference and denial of access to courts, the intentional destruction of Plaintiff's typewriter in an effort to frustrate, forestall, impede and curtail my access to the courts.

34. Defendant GARCIA spread rumors that Plaintiff was a child molestor and a rapist, trying to ensure witnesses would not even testify on behalf of the Plaintiff, and also did so in an attempt to garner threats of harm against the Plaintiff.

35. Defendant MURO while Plaintiff was transported to the Beeville hospital for a seizure/stroke, went into Plaintiff's cell and then in front of witnesses threw away Plaintiff's copies of exhibits & witness affidavits that incriminated him and the other defendants. MURO also at this same time caused irreversible diverse damage to numerous parts of Plaintiff's typewriter, of a variety and extent that proves willful rather than accidental conduct; it was indeed irreparably damaged and this damage fully affected the operation of the typewriter.

36 Defendant MURO hancuffed the Plaintiff in the rear, with two sets of handcuffs, then forcibly moved the Plaintiff into the barber shop, where when Plaintiff tried to leave, MURO then forced Plaintiff to stay in position with force by his own actions, and then ordered barber to assault & battery the Plaintiff, by shaving off my religious beard. At not time did MURO follow TDCJ policy in this incident for a use of force over grooming issues.

37.   Defendants created an environment of immiment risk of harm and danger to the Plaintiff by, allowing this Campaign of high risk harassment to continue by all involved with the Defendants.

38.   Both Correctional Officers and offenders who agreed to testify for the Plaintiff have been threatened, coerced, and had their statements altered by the defendants. Because of this action all but one officer has rescinded their testimony on behalf of the Plaintiff, claiming retaliation by teh defendants. Multiple other offenders refuse to testify as well, since the progression of the ongoing Campaign of Harassment continues un-impeded.

39.   The Plaintiff was denied a proper unbiased classification review when BOTH TDCJ staff in Huntsville recommended that the Plaintiff receive an upgrade in custody status, and TDCJ's own classification computer system recommended the upgrade as well. When board member SELZER tried to vote in accordance with that recommendation both INMON and THOMPSON rejected that, and then influenced SELZER's vote to my harm.

40.   Defendant FURR was placed on notice of the abusive behavior by the other defendants on every occassion via I-60 forms, letters, Ombudsman level complaints, calls from Plaintiff's family, the answering of seventeen (17) out of the twenty-five (25) STEP one grievances included in this suit, and multiple conversations in person with the Plaintiff, but failed to take any action against the other defendants or otherwise control their behavior.

41.   GARCIA & FURR's failure to investigate the assault and to allow a defacto policy of a "code of silence" about staff misconduct that contributed to Plaintiff's assault is deliberate indifference.

42.  The denial of relief in this matter should be forbidden, as
it subjects the Plaintiff to gratuitous harm, pain, and suffering
unlrelated to any penological purposes.

43.  These practices and claims inevitably visit upon the Plaintiff
suffering that is beyond any legitimate purpose of his confinement.

## A. BRIEF BREAKDOWN ON SGT. GUZMAN's ACTIONS OF ULTRA VIRES

| STEP 2 RETURNED | GRIEVANCE # | EXHIBITS | ACTIONS OF ULTRA VIRES & MORE |
|---|---|---|---|
| they kept | 2016176354 | B, B-01, & B-02 | This is a detailed grievance against one SGT. GUZMAN for only passing out COLD WATER 3 times, when it should have been 24 times over a four day period. I wrote over 30 other offenders a copy of what my grievance said, per their request. This deprivation affected EVERY G5 level custody inmate living on 8 bldg from 06/25/16 to 06/28/16, from the hours of 6:30 AM till 6:30 PM. SGT. MURO did in fact threaten me directly for these grievances, promising me disciplinary cases for every grievance I file on him or GUZMAN. These days were all extreme heat, over 100° degrees. The STEP 2 was filed and hand delivered by SGT. SUNIGA to the Unit Grievance office, but they disposed of it, to be able to try and block my exhaustion of administrative remedies, over this claim. |
| denied | 2017044414 | B-02 | This is a detailed grievance against the Grievance office for losing my STEP 2 & it was falsely denied for being time-barred. GUZMAN was removed from the building by Administration after the filing of over thirty grievances over the COLD WATER. |

## B. BRIEF BREAKDOWN ON SGT. JAVIER MURO's ACTIONS OF ULTRA VIRES

| STEP 2 RETURNED | GRIEVANCE # | EXHIBITS | ACTIONS OF ULTRA\ VIRES |
|---|---|---|---|
| 10/07/16 | 2016180277 | C, C-01, C-02 | Ongoing Campaign of Harassment, Violating ADA Act, refuses shower, refuses hot meal, refuses blank STEP 2 Grievances, refuses cold water, confrontation over previous grievances filed, refuses shower again, and refuses cold water a second time. This is also the first documented reporting of the assault by MURO on the Plaintiff. It also further documents MURO denying me the right to attend my medical layin and MURO's falsified disciplinary cases in retaliation for the Plaintiff redressing his grievances. |
| 11/17/16 | 2016186453 | C, C-01, C-02 | Detailed grievance on MURO for his refusing showers, a hot meal, and violating the Equal Protection laws. |
| 11/17/16 | 2016197203 | E, E-01 | Detailed grievance on MURO & GUTIERREZ denying me the right to attend my medical layin to get my glasses fixed. This delayed them being fixed for over 9 months causing me migraine headaches using old glasses to see, that were 10 years old. I was perscribed pain medication twice for it. Glasses were given back repaired on 02/01/2017. |
| 11/29/16 | 2016201250 | F | Detailed grievance on MURO & MOORE denying me two already scheduled legal visits causing interference with access to courts for HODSON & WILLIAMS. This violated my 1st Amendment rights as to Freedom of Speech and the Freedom to Associate, and were indeed acts of retaliation by MURO & MOORE. |
| 12/01/16 | 2016205076 | G, G-01, G-02, G-03 | Detailed grievance on MURO use of force to have my religious beard cut off in an act of assault. The 2 witnesses to the assault were never interviewed. |
| 01/23/17 | 2017002757 | I, I-01, I-02, I-03, & I-04 | Detailed disciplinary appeal to 1st & 2nd false retalitory disciplinary cases written by MURO. He wrote them for out of place, & for grooming. |

| STEP 2 RETURNED | GRIEVANCE # | EXHIBITS | ACTIONS OF ULTRA VIRES |
|---|---|---|---|
| 12/09/16 | 2017014208 | I, I-01, I-02, I-03, & I-04 | Detailed disciplinary appeal for 3rd retaliatory case written by MURO. This is for an altered hotpot. |
| 09/18/17 | 2017120877 | T, T-01 | Detailed grievance on MURO denying me a serious medical need of insulin on 4/4/17. 1st STEP ONE is returned signed by WARDEN PUTNAM with NO ANSWER on it. 2nd STEP ONE has an answer added to signature. UGI CARDENES wanted my permission to take my mail out of the mailroom to retrieve the 1st STEP ONE. |
| 11/08/17 | 2017125299 | V | Detailed property claim against MURO for stealing my property/shower bag from dayroom. I accepted a property settlement in the matter proving MURO's culpability and responsibility in this action. |
| 11/14/17 | 2017135371 | W | Detailed grievance on MURO for giving me an unlawful order to stop assisting other offenders with the writing of grievances against him. |
| 11/10/17 | 2017139566 | Y, Y-01, Y-02, y-03 | Detailed property claim against MURO for stealing & damaging my property, while I was in the hospital in Beeville. MURO stole ALL copies of EXHIBITS A, B, C, C-01, C-02, D, E, G, G-01, G-02, G-03, H-01, H-02, I, I-01, I-02, I-03, I-04, J, J-01, K, K-01, K-02, L, M, N, & O and threw them in the trashcan per the witnesses. MURO also broke my typewriter as well. I was offered a BAD FAITH property settlement of $1.60 for a $244.00 claim. MURO broke the typewriter to frustrate, forestall, impede and curtail my access to the courts in active litigation, and disposed of evidence against him by other officers & inmates. |
| 10/26/17 | 2017148907 | AA, AA-01, AA-02, AA-3 | Detailed grievance on MURO for directing his staff to write me a false retaliatory disciplinary case, which I was found NOT GUILTY of. MURO served the case on me himself in violation of TDCJ policy. |

| STEP 2 RETURNED | GRIEVANCE # | EXHIBITS | ACTIONS OF ULTRA VIRES & MORE |
|---|---|---|---|
| 02/09/18 | 2017179835 | BB, BB-1, BB-2, BB-3, BB-4, and BB-5 | Detailed property claim on MURO for stealing my 2nd shower bag/property from dayroom. This is also an Equal Protection claim as another offender who had his bag taken by MURO off the same bench as mine, received a fair property settlement from Captain Pircardo, and I was denied one. |
| 12/04/17 | 2017187645 | CC | Detailed grievance on MURO for denying me access to pill window, library (2x), mailroom, & religious congregational worship service. MURO also tried to deny and delay me from a serious medical need of insulin and also an appointment to buy commissary because MURO intentionally skipped me previously. |

There are NEVER any gaps in the Campaign of Harassment by defendant MURO except for periods were he and I were NOT on the same building or sides of the Unit. After the filing of these last two grievances I was told by multiple members of TDCJ that the then acting head-warden MARTINEZ had it announced in the "Shift change" meetings that MURO and I were to be seperated from now on, with MURO working in Administrative Segregation on B-side, and my housed on 3 building on A-side. All officers were instructed that MURO and I were to have "ZERO interactions" with each other at all. This did end MURO's personal actions in this ongoing Campaign of Harassment.

## C. BRIEF BREAKDOWN ON LT. GARCIA's ACTIONS OF ULTRA VIRES

| STEP 2 RETURNED | GRIEVANCE # | EXHIBITS | ACTIONS OF ULTRA VIRES & MORE |
|---|---|---|---|
| | | D | Memorandum for record used in OMBUDSMAN investigation and given to WARDEN FURR to document LT. GARCIA's mishandling of the OMBUDSMAN investigation she conducted into SGT. MURO for his assault on me & much more. |

| STEP 2 RETURNED | GRIEVANCE # | EXHIBITS | ACTIONS OF ULTRA VIRES & MORE |
|---|---|---|---|
| | | H, H-01, H-02 | Memorandum for record used in OMBUDSMAN investigation and given to WARDEN FURR to document LT. GARCIA's CAMPAIGN OF HARASSMENT against me, specifically for a retalitory falsified disciplinary case and an unlawful order to not talk to Offender GREEN who was also assaulted by SGT MURO. |
| 02/02/17 | 2017008245 | J, J-01 | This grievance details LT. GARCIA's involvement of purposely allowing and not intravening in the fact that my property was NOT returned to me after the property restriction imposed by MURO's falsified disciplinary case ended. My property is kept an additional 23 days beyond the punishment due to GARCIA's actions. |
| 12/30/16 | 2017031753 | K, K-01, K-02 | Detailed disciplinary appeal to 1st falsified and retalitory disciplinary case written by GARCIA. She wrote it for out of place, then denied me both my diabetic snack and religious YOM KIPPUR jewish meal as well. |
| | | L | Memorandum for record used in OMBUDSMAN investigation and given to WARDEN FURR to document LT. GARCIA's CAMPAIGN OF HARASSMENT against me, specifically for denying me my religious YOM KIPPUR meal after both fasting for three days, and the taking my insulin. |
| | | M | Memoradum for record used in OMBUDSMAN investigation and given to WARDEN FURR to document LT. GARCIA's CAMPAIGN OF HARASSMENT against me, specifically for denying me my diabetic snack on 10/13/16. |
| | | N | Memoradum for record used in OMBUDSMAN investigation and given to WARDEN FURR to document LT. GARCIA's CAMPAIGN OF HARASSMENT against me, specifically for ordering another officer to write me a false case, denying me a diabetic snack, and more. |

| STEP 2 RETURNED | GRIEVANCE # | EXHIBITS | ACTIONS OF ULTRA VIRES & MORE |
|---|---|---|---|
| | 2017031201 | O | This is the first Ongoing Campaign of Harassment grievance that TDCJ refused to accept. It documents LT. GARCIA's actions in the OMBUDSMAN interview she conducted into SGT MURO and everything in EX. D, H, J, K, L, M, & N. |
| | | P | Memorandum of Record used in OMBUDSMAN investigation and given to WARDEN FURR to document LT. GARCIA's CAMPAIGN OF HARASSMENT against me, specifically for ordering another officer to write me a falsified case for "stealing", which he ends up declining to do. |
| | | Q | Memorandum of Record used in OMBUDSMAN investigation and given to WARDEN FURR to document LT. GARCIA's CAMPAIGN OF HARRASSMENT against me, specifically for being loud and abrasive with me in the chow hall over me trying to get a clean cup to use. |
| | | R, R-01, R-02, R-03, & R-04 | Memorandum of Record used in OMBUDSMAN investigation and given to WARDEN FURR to document LT. GARCIA's CAMPAIGN OF HARRASSMENT against me, specifically for continued harassment in the chow hall, and being loud and abrasive with me over a tray of food. Also four witness statements as well. |
| 07/14/17 | 2017067237 | R, R-01, R-02, R-03, & R-04 | This is the second Ongoing Campaign of Harassment grievance that TDCJ did accept this time. It does document LT. GARCIA's actions in EXHIBITS D, H, J, K, L, M, N, P, Q, and R. |
| | | X | This is witness affidavit from ROBERT WILLIAMS for LT. GARCIA's attempts to influence his testimony in EXHIBIT R-03, and LT GARCIA's spreading personal information about the Plaintiff being a rapist, in an attempt to get threats of harm against the Plaintiff by spreading these rumors aloud in gym. |

| STEP 2 RETURNED | GRIEVANCE # | EXHIBITS | ACTIONS OF ULTRA VIRES & MORE |
|---|---|---|---|
| 05/18/17 | 2018084727 | DD, DD-1 to DD-19 | Detailed disciplinary appeal to case GARCIA was the Disciplinary Hearing Officer. She runs the hearing three times, and assesses three different punishments. She does not allow my presence for the third time, and alters the hearing record AFTER the hearing was over. She refuses to review witness statements, and refuses review of Time Lapse Recording Video system in a MINOR case, even though TLV review is allowed to write a MINOR case. |
| 06/29/17 | 2018091028 | DD, DD-1 to DD-19 | Detailed grievance against GARCIA for her actions in falsified retaliatory disciplinary case 20180139088, which has been OVERTURNED by the TDCJ OMBUDSMAN's office in Huntsville, Texas. She falsified records, tampered with physical evidence, tampered with the governmental record, gave false information in an TDCJ OMBUDSMAN level investigation, destroyed the evidence, and violated my civil rights; all in an act of retaliation for redressing grievances. |
|  |  | EE | Memorandum of record used in OMBUDSMAN investigation and given to WARDEN FURR to document LT. GARCIA's CAMPAIGN OF HARASSMENT against me, specifically for writing a falsified disciplinary case that was not ran for a hearing, but that does not change she did write the false case for out of place. |
|  | 2018151764 | FF, FF-1 to FF-5 | Detailed disciplinary appeal to case GARCIA was the Disciplinary Hearing Officer. She refuses to read the witness statements that exonerate me, refuses my own written statement for the record, refuses to listen to my verbal statement, refuses my request for rank, makes marks on hearing form making it illegible, finds me guilty in a 60 second hearing, forces me under duress to sign the hearing form, and AFTER the hearing is over ALTERS yet again the punishment on the case. STEP 2 is finalized, but NOT yet returned to Plaintiff. |

There are NEVER any gaps in the Campaign of Harassment by defendant GARCIA, except for periods when she and I were NOT on the same sides of the unit, during her absences from vacation and being suspended by TDCJ for misconduct I helped report. GARCIA was running a group of officers on her shift called "GARCIA's pets", who she gave preferential treatment to, for job assignments, the allowing of falsified disciplinary cases to run un-impeded, and much more. Since coming back from that suspension she is running with the help of MURO's girlfriend one LT. GUZMAN, run a new group called the "CLICK SQUAD" by both TDCJ officers and inmates, which is a new version of her original group, that carries out retalitory conduct against inmates on this unit. If GARCIA sees me or is involved with me in any fashion, she continues to harass me.

## D.   BRIEF BREAKDOWN ON WARDEN FURR's ACTIONS OF ULTRA VIRES

| STEP 2 RETURNED | GRIEVANCE # | EXHIBITS | ACTIONS OF ULTRA VIRES & MORE |
|---|---|---|---|
| 10/07/16 | 2016180277 | C | Warden FURR signed the STEP 1 with no answer present; refused to interview witnesses; refused to review the TLV/recordings; gave a general answer (RUBBER STAMP) that only purports review, but does NOT provide any actual redress; reported false information deliberately in the course of responding to grievances; only investigated information to my detriment, never any in my favor; complete refusal to investigate the actions of his subordinates who consistently violated my Constitutional rights; and after Plaintiff writing FURR personally about each incident, still did not do anything to stop the actions of the defendants. |
| 11/03/16 | 2016171216 | E-01 | Same answer as in 10/07/16. |
| 11/17/16 | 2016186453 | C-01 | Same Answer as in 10/07/16. |

| STEP 2 RETURNED | GRIEVANCE # | EXHIBITS | ACTIONS OF ULTRA VIRES & MORE |
|---|---|---|---|
| 11/17/16 | 2016197203 | E | Same answer as in 10/07/16. |
| 11/29/16 | 2016201250 | F | Same answer as in 10/07/16. |
| 12/01/16 | 2016205076 | G, G-01, G-02, G-03, & G-04 | Same answer as in 10/07/16. Denied all relief even though at STEP 2, with access to the same facts as the STEP 1, the grievance warranted a OIG case to be opened. |
| 12/30/16 | 2017031753 | K-02 | Same answer as in 10/07/16. |
| 02/02/17 | 2017008245 | J | Same answer as in 10/07/16. |
| 05/23/17 | 2017087060 | S | Same answer as in 10/07/16. |
| 10/16/17 | 2017144156 | Z-03 | Same answer as in 10/07/16. |
| 10/26/17 | 2017148907 | AA-3 | Same answer as in 10/07/16. |
| 11/08/17 | 2017125299 | V | Same answer as in 10/07/16. |
| 12/04/17 | 2017187645 | CC | Same answer as in 10/07/16. |
| 02/09/18 | 2017179835 | BB | Same answer as in 10/07/16. |
| 05/18/18 | 2018084727 | DD, DD-1 to DD-19 | Same answer as in 10/07/16. Denied all relief even though an OMBUDSMAN investigation, with access to the same facts as the STEP 1, found that LT. GARCIA had violated my rights to DUE PROCESS, with the actions of LT. GONZALES, and provided relief that FURR should have given, especially since the OMBUDSMAN relief was granted PRIOR to FURR making his decision in his STEP 1 answer. This clearly shows that FURR never had ANY intention to do his job, and answer the STEP 1 correctly. FURR purposely covered up the actions of GARCIA and GONZALES. |
| 06/29/18 | 2018091028 | DD, DD-11 | Same answer as in 5/18/18. |
| 07/19/18 | 2018088445 | DD, DD-12 | Same answer as in 5/18/18. |

| STEP 2 RETURNED | GRIEVANCE # | EXHIBITS | ACTIONS OF ULTRA VIRES & MORE |
|---|---|---|---|
| 03/22/18 | 2018088424 | DD, DD-1 to DD-19 | Same answer as in 5/18/18. This grievance was filed by my eye witness MICHAEL GARRETT into this set of events, which bolstered and made true my claims, however FURR denied him relief as well. |
| / / | 2018116568 | DD-13 | Detailed grievance against FURR for refusing to do his duty and job, with no investigation into the facts of STEP 1 grievances 2018084727, 2018091028, 2018088445 & 2018088424. FURR knowingly entered false entries into a government record, to further subject Plaintiff to false disciplinary punishments. FURR was presented with knowledge of the falsity, and still allowed his findings to affect the out-come of the disciplinary appeal. FURR intentionally subjected Plaintiff to mistreatment & punishment he knew was unlawful. FURR intentionally & knowingly concealed documents to impair the verity and the availability of evidence in an investigation. FURR has been a defendant in active litigation with the Plaintiff in State court for over a year, and his actions are retaliation for Plaintiff redressing his grievances, and are a part of the allowed to continue ongoing Campaign of Harassment. This grievance has been closed out, but NOT yet sent back to the Plaintiff. Copies are provided. |

There are NEVER any gaps in the Campaign of Harassment by the defendants, except for when eight of the grievances in this suit are answered by signature authorities, other than FURR. FURR answered seventeen (17) out of the twenty-five (25) STEP ONE's in this case. FURR had prior knowledge of all twenty-five incidents from communication with the Plaintiff via either direct personal conversations with the Plaintiff, I-60's from the Plaintiff, or during Unit Classification Committee hearings with the Plaintiff.

## E. BRIEF BREAKDOWN ON GONZALES' ACTIONS OF ULTRA VIRES

| STEP 2 RETURNED | GRIEVANCE # | EXHIBITS | ACTIONS OF ULTRA VIRES & MORE |
|---|---|---|---|
| 07/19/18 | 2018088445 | DD to DD-19 | This is a detailed grievance against GONZALEZ for using his position as an OMBUDSMAN investigator to try and influence already given testimony, coerce new testimony induced by fraudulent acts, and did threaten perjury charges against my witnesses in the OMBUDSMAN investigation that implicated GARCIA with multiple levels of wrongdoing. GONZALEZ also denied documentary evidence being added into the record, altered testimony by the witnesses and in act of retaliation did all this to protect unit staff from the OMBUDSMAN investigation. This investigation was later RE-DONE after being RE-FILED, and the new investigation with the SAME facts resulted in relief for the Plaintiff. He tampered with Physical Evidence, Fabricated some Evidence, tampered with a governmental record, Tampered with Witnesses, and much more. |
| 03/23/18 | 2018088424 | DD to DD-19 | This is a detailed grievance filed against him for all of the above described actions, but this one was filed by one of my witnesses MICHAEL GARRETT. This is further proof of violations. |

There was an ombudsman complaint that I do not have a copy to also filed against GONZALEZ as well. The investigation into the new complaint was found in my favor an ALL issues, per Captain Herbst & WARDEN FERNANDEZ, who finalized the second investigation. There are false claims of the information being hearsay, when there were seven sworn affidavits submitted, and also one of the witnesses filed his own grievance in the matter. The problem is FURR and the regional Assistant Director wanted to protect staff from further misconduct allegations and denied all the grievances with NO relief. GONZALEZ was privy to ALL of the misconduct by GARCIA and MURO, & did nothing.

## F.  BRIEF BREAKDOWN ON SONIA GUTIERREZ's ACTIONS OF ULTRA VIRES

| STEP 2 RETURNED | GRIEVANCE # | EXHIBITS | ACTIONS OF ULTRA VIRES & MORE |
|---|---|---|---|
| 11/03/16 | 2016171216 | E-01 | This is a detailed grievance against GUTIERREZ for violating the ADA Act and Equal Protection Act, by refusing to allow me to shower & making jokes about my prior grievance 2016024914, which was for being denied showers repeatedly. This is an act of retaliation, for redressing grievances. |
| 11/17/16 | 2016197203 | E | Detailed grievance on MURO & GUTIERREZ denying me the right to attend my medical layin to get my glasses fixed. This delayed them being fixed for over 9 months causing me migraine headaches using old glasses to see, that were 10 years old. I was perscribed pain medication twice for it. Glasses were given back repaired on 02/01/2017. |
| 02/09/18 | 2017179835 | BB, BB-1, BB-2, BB-3, BB-4, and BB-5 | Detailed property claim on MURO & GUTIERREZ for stealing my 2nd shower bag/property from dayroom. This is also an Equal Protection claim as another offender who had his bag taken by them both, off the same bench as mine, received a fair property settlement from Captain Pircardo, and I was denied one myself. |

There are NEVER any gaps in the Campaign of Harassment by
defendant GUTIERREZ, except for periods when she and I were NOT on
the same building or sides of the Unit. Every time she sees me she
makes it a point to harass me continually, and then just keeps
trying to antagonize the Plaintiff further. Due to limitations on
the amount of grievances allowed to be filed per week (1), not
every incident was able to be grieved. GUTIERREZ is also retaliating
for Plaintiff's suspected involvement with a family member of hers
being fired for drinking home-made wine by inmates, while working.
SEE: EXHIBIT Z - AFFIDAVIT FOR OMBUDSMAN ABOUT 4/4/17 & SGT MURO.

## G. BRIEF BREAKDOWN ON THOMPSON & INMON's ACTIONS OF ULTRA VIRES

| STEP 2 RETURNED | GRIEVANCE # | EXHIBITS | ACTIONS OF ULTRA VIRES & MORE |
|---|---|---|---|
| 05/23/17 | 2017087060 | S, and U | This is a detailed grievance against THOMPSON and INMON for using their positions on the Unit Classification Committee to negatively influence the vote of UCI CECILIA SELZER (3rd member) against the Plaintiff, when assessing his recommended upgrade in custody level per TDCJ in Huntsville and TDCJ's classification computer system. The Plaintiff had already testified against INMON in Bee County court case # B-16-1557-CV-A as a witness, before the hearing commenced, and this clearly influenced her decision to override the recommended upgrade to G-2. Both INMON and also THOMPSON start making comments about my religious beard, harassing me over the way i grew it. Both of them denied me equal protection by law as there was no rational basis for their actions. THOMPSON keeps referring to my prior grievances and also OIG level investigations, when making his decision. |
| | | U, and S | This is a detailed formal complaint to the State Classification Committee's director, in regards to all of the above listed in 05/23/17, and INMON purposely and negatively influencing three seperate Committee votes to the Plaintiff's harm. This was filed by DEBORAH ANDERSON on the Plaintiff's behalf on 06/08/2017. |

These arbitarary & capricious acts by THOMPSON and INMON were done knowingly and intentinally to deprive the Plaintiff of his earned custody level upgrade. INMON and THOMPSON make sure to try and harass the Plaintiff on every occassion they can do so. While their paths do not cross often, when they do it is in a negative manner on every occassion. THOMPSON has also been guilty of acts of vigilante discrimination, documented in 2018037466 & 2018042425.

## X. RELIEF REQUESTED

44.   The immediate cessation of all retalitory disciplinary cases being written or ordered written by the defendants.

45.   The immediate cessation of all acts involved in the ongoing Campaign of Harassment led by the Defendants.

46.   The actions of defendant MURO in using physical force against the Plaintiff without need or provocation, with GARCIA failing to intervene to prevent the misuse of force, in the shaving off of Plaintiff's religious beard, was done maliciously and sadistically and constituted cruel and unusual punishment in violation of RLUIPA and the Eighth Amendment of the United States Constitution, so an injunction to prevent a re-occurrence of the force and a formal declaration from this Court is needed in favor of the Plaintiff.

47.   The actions of defendant MURO in using physical force against the Plaintiff without need or provocation constituted the tort of assault and battery under the laws of Texas, so a declaration from this Court is needed in favor of the Plaintiff.

48.   The failure of Defendants GARCIA, GONZALES, & FURR to take disciplinary or other action to curb the known pattern of physical abuse of inmates by defendant MURO constituted deliberate indifference to the Plaintiff's and other prisoner's safety, and due to this contributed to and proximately caused the above-described violation of the Eighth Amendment rights and assault and battery, so a declaration from this Court is needed in favor of Plaintiff.

49.   Defendant GARCIA's actions in conducting the Plaintiff's multiple falsified disciplinary hearings, and defendant FURR's actions in sustaining it, violated the Plaintiff's rights under the Due Process Clause, so a declaration from the Court is needed.

50. Defendant GUTIERREZ and MURO's repeated actions in failing to provide adequate medical care for Plaintiff violated, for over nine months, the Plaintiff's rights under the Eighth Amendment of the United States Constitution, so a declaration is needed from this Court in favor of the Plaintiff.

51. The Defendants are in violation of the Plaintiff's right to Due Process by the manner in which the Defendants administer TDCJ's Dicisciplinary rules and procedures in an unfair, arbitrary, capricious and inconsistent manner, because other inmates do not get falsified disciplinary cases for redressing grievances, so a declaration is needed in favor of the Plaintiff from this Court.

52. The Defendants violated Plaintiff's rights to Equal Protection and also constituted the torts of conversion and bailment, when they deprived the Plaintiff of property permanently and when they took possession of Plaintiff's property when moving him to another building after being taken to the hospital, so a declaration is needed in favor of the Plaintiff from this Court.

53. The Defendants violated Plaintiff's Equal Protection rights protection when defendants arbitrarily and capriciously determined Plaintiff's disciplinary appeals to TDCJ in a manner not consistent with TDCJ policy and procedures, by using false dispositions on reasons to deny appeal; so a declaration is needed by this Court in favor of the Plaintiff.

54. A declaration to allow a fair disposition on the items that were unlawfully seized or damaged by defendants and return as such, if reasonable, under Plaintiff's Equal Protection Clause.

## XI. SANCTIONS

55. No court has ever sanctioned the Plaintiff as a result of any lawsuit ever filed by the Plaintiff.

56. No court has ever warned or notified the Plaintiff that any sanctions could be imposed on him for filing lawsuits.

## XII. OBJECTION TO AN ASSOCIATE JUDGE

57. Plaintiff objects to the referral of this case to an associate judge for hearing a trial on the merits or presiding at a jury trial.

## XIII. JURY DEMAND

58. Plaintiff demands a jury trial.

## XIV. NOTICE OF PRE-EMPTIVE RETALIATION

59. The Plaintiff is not filing litigation to this Honorable Court, in an effort to get moved to another unit in TDCJ, but to stop the DEFACTO policies being allowed to continue that violate an inmate's civil rights on a daily basis on the McConnell Unit.

60. One cannot try to correct violations and criminal acts by the defendants, when the DEFACTO policy is to move offenders who file civil rights complaints to another unit.

61. Shoudl defendants move the Plaintiff to another unit after the filing of this suit, this will be retaliation, by the defendants.

## XV. CLOSING & PRAYER FOR RELIEF

62. The Plaintiff has asserted he was assaulted in retaliation for reporting staff misconduct & redress of grievances, he was then subject to a ongoing Campaign of Harassment in retaliation for the reporting of the assault and other claims, for further redressing his grievances against the defendants.

63.   Plaintiff further asserts said assault also violated RLUIPA.

64.   Plaintiff then asserts that the defendants willingly, knowing-
ly, and intentionally caused the above listed deprivations. The
record in the Plaintiff's grievance history will show that the
defendants and TDCJ failed to respond and act to these assertions.

65.   The amount of evidence presented dispels any type of suggest-
ion that Plaintiff's plight arose from a single instance of type
of negligence or ineptitude, rather, Plaintiff is challenging a
pattern of conduct, that seemingly amounts to a policy, whereby
prison officials have consciously ignored the ongoing Campaign of
Harassment against the Plaintiff, for years.

66.   The Plaintiff has established material facts with the exhibits
that include but are not limited to: signed affidavits by TDCJ
Correctional Officers, signed affidavits by eye-witnesses, and
signed declarations by the Plaintiff, all under the penalty of
perjury.

67.   For these reasons, Plaintiff asks the Court issue citation
for defendants to appear and also answer, and that Plaintiff be
awarded judgment against the Defendants additionally for this:

    A. Declare that Defendants were deliberately indifferent
       to Plaintiff's known requests for help;

    B. Declare that Defendants were deliberately indifferent
       to Plaintiff's known serious medical needs;

    C. Declare that Defendants violated Plaintiff's rights
       to be free from cruel and unusual punishment;

    D. Declare that Deefendant violated Plaintiff's First
       Amendment rights to Freedom of Speech;

E. Declare that Defendants violated Plaintiff's First Amendment rights to Freedom to Associate;

F. Declare that Defendants violated Plaintiff's rights against cruel and unusual punishment;

G. Declare that Defendants violated Plaintiff's right to not be subject to retaliation;

H. Declare that Defendants acts constituted the torts of assault, battery, conversion, and bailment;

I. Declare that Defendants actions violated the Religious Land Use and Institutionalized Persons Act, the Americans with Disabilities Act, and the Equal Protection Clause;

J. Declare that the Defendants carried out a retalitory Campaign of Harassment against the Plaintiff;

K. Declaratory relief from all other violations;

L. Declaratory relief from acts of Ultra Vires;

M. Injunctive relief;

O. Injunctive relief from acts of Ultra Vires;

P. Award attorneys' fees for this cause and any and all appeals as may be necessary;

Q. Award cost of court and cost of prosecuting Plaintiff's claims; and

R. Award any other and further relief to which Plaintiff is and maybe justly entitled to.

DATED: 9 / 26 /2018.

Respectfully Submitted,

FRED HOFFMAN, III, PRO SE
TDCJ# 1662898

PAGE 28

<u>INMATES DECLARATION</u>

I, FRED HOFFMAN, III, TDCJ# 1662898, being presently incar-
cerated at the McConnell Unit, in Bee County, Texas, declare under
penalty of perjury that the foregoing COMPLAINT is true and also
correct.

FRED HOFFMAN, III, PRO SE
TDCJ# 1662898
3001 S. Emily Drive
Beeville, Texas 78102

PAGE 29