UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRED HOFFMAN, III, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-333 |
| | § | |
| JAVIER MURO, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING PLAINTIFF'S PENDING MOTIONS

Plaintiff Fred Hoffman, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are the following motions: (1) Plaintiff's motion to stay these proceedings until Senior United States District Judge Hilda G. Tagle rules on his pending objections (D.E. 34); and (2) Plaintiff's emergency motion and notice of retaliation (D.E. 35).

On October 4, 2018, Plaintiff filed his original complaint, naming the following officials as defendants: (1) Sergeant Javier Muro; (2) Lieutenant Christi L. Garcia; (3) Sergeant Cinthia Guzman; (4) Veronica Inmon, Classification Case Manager (CCM) II; (5) Corey Furr, Assistant Warden; (6) Lieutenant John C. Gonzales; (7) Officer Sonia Gutierrez; and (8) Major James Thompson. Despite the various conclusory labels that Plaintiff attached to his claims, he primarily asserted that Defendants had engaged in a retaliatory campaign of harassment against him. Plaintiff further alleged that Defendants

1 / 4

violated his constitutional rights in many other aspects. Plaintiff sought declaratory and injunctive relief.

On December 13, 2018, the undersigned issued a Memorandum and Recommendation (M&R), recommending that: (1) Plaintiff's retaliation claim against Assistant Warden Furr in his official capacity for injunctive relief be retained; and (2) Plaintiff's remaining claims against all Defendants be dismissed for failure to state a claim and/or as frivolous. (D.E. 10). On January 2, 2019, the undersigned granted Plaintiff's motion for extension of time to file objections to the M&R and directed the Clerk to send Plaintiff copies of certain documents and exhibits previously filed by Plaintiff. (D.E. 15, p. 2). Plaintiff subsequently filed his objections to the M&R. (D.E. 20). Both the M&R and the objections are pending before Judge Tagle.

Assistant Warden Furr filed a Motion to Dismiss on January 29, 2019. (D.E. 21). On March 29, 2019, the Court received Plaintiff's objections and responses to the motion to dismiss. (D.E. 29).

Plaintiff asks the Court to stay these proceedings until Judge Tagle rules on the pending M&R and objections. (D.E. 34, pp. 1-3). Plaintiff contends that a stay is appropriate because Judge Tagle's ruling on the pending M&R and objections thereto could "change and alter the entire scope of the litigation in" this case. (D.E. 34, p. 2).[1] Plaintiff further cites "mail irregularities" that have occurred in this case as well three other civil rights actions pending before this Court. Due to such mail irregularities,

---

[1] Plaintiff mistakenly believes that his objections and response to Assistant Warden Furr's motion to dismiss is currently before Judge Tagle. Rather, this dispositive motion has been referred by Judge Tagle to the undersigned in order to issue a written recommendation. Once the undersigned has issued the written recommendation on the motion to dismiss, Plaintiff may file objections within fourteen days for Judge Tagle's consideration.

Plaintiff is concerned about having to recreate and refile motions and responses. (D.E. 34, p. 3).

Plaintiff has offered no reason to indicate that a stay in this case is warranted at this time. Granting a stay in this case will unnecessarily delay consideration of the issues that have been recommended to proceed in this case. Should Judge Tagle's ruling on the pending M&R and objections cause certain additional claims and parties to remain in this case, the undersigned will issue an appropriate order setting additional deadlines as to such new matters retained. Plaintiff may continue to apprise the Court at any time of further filing irregularities and may seek extensions of time to file any proper motions, pleadings, or responses in this case. Accordingly, Plaintiff's motion to stay these proceedings (D.E. 34) is **DENIED**.

In seeking emergency relief, Plaintiff states that Defendants and other prison staff members have recently subjected him to retaliatory acts by confiscating certain personal and legal property from Plaintiff during a prison lockdown, including Plaintiff's typewriter. (D.E. 35). Due to these retaliatory acts, Plaintiff seeks additional time to move for preliminary injunctive relief for the return of his personal property. (D.E. 35, pp. 10-11).

At the outset, the undersigned notes that Plaintiff's motion advancing new acts of retaliation claim arise out of incidents distinct and separate from the retaliation claims advanced by Plaintiff in this lawsuit. For this and other reasons, it is likely that any motion seeking preliminary injunctive relief would be denied. Nevertheless, no filing deadlines are in place before which Plaintiff must file a motion for preliminary injunctive

relief. It is, therefore, unnecessary to grant him an extension of time to seek such relief. Accordingly, Plaintiff's emergency motion (D.E. 35) is **DENIED**.

ORDERED this 31st day of May 2019.

_____
Jason B. Libby
United States Magistrate Judge