United States District Court
Southern District of Texas
**ENTERED**
August 05, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRED  HOFFMAN, III, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-333 |
| | § | |
| JEFFERY  RICHARDSON, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DENY WARDEN RICHARDSON'S MOTION TO DISMISS, TO
DENY PLAINTIFF'S MOTION SEEKING PRELIMINARY INJUNCTIVE
RELIEF, AND TO DENY PLAINTIFF'S MOTION FOR SANCTIONS**

Plaintiff Fred Hoffman is an inmate appearing *pro se* and *in forma pauperis*.  In this prisoner civil rights action filed pursuant to 42 U.S.C. § 1983, Plaintiff claims that prison officials have engaged in a retaliatory campaign of harassment against him. Pending before the Court are: (1) Warden Jeffrey Richardson's Motion to Dismiss (D.E. 78); (2) Plaintiff's Emergency Motion for a Temporary Restraining Order (TRO) and Preliminary Injunction (D.E. 53-1); and (3) Plaintiff's Motion for Sanctions (D.E. 75).

For the reasons stated herein, it is respectfully recommended that the Court **DENY** Defendant Richardson's Motion to Dismiss.  It is respectfully recommended further that the Court **DENY** Plaintiff's motion seeking a TRO or preliminary injunctive relief and Motion for Sanctions.

## I.      JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.     BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID).  Plaintiff's claims in this lawsuit occurred in connection with his current assignment to the McConnell Unit in Beeville, Texas.

On October 4, 2018, Plaintiff filed his original complaint, naming the following officials as defendants: (1) Sergeant Javier Muro; (2) Lieutenant Christi L. Garcia; (3) Sergeant Cinthia Guzman; (4) Veronica Inmon, Classification Case Manager (CCM) II; (5) Corey Furr, Assistant Warden; (6) Lieutenant John C. Gonzales; (7) Officer Sonia Gutierrez; and (8) Major James Thompson.  Despite the various conclusory labels that Plaintiff has attached to his claims, he primarily claims that Defendants have engaged in a retaliatory campaign of harassment against him. Plaintiff further alleges that Defendants violated his constitutional rights in many other ways. Plaintiff seeks declaratory and injunctive relief in which he generally requests the cessation of all unconstitutional or unlawful conduct committed by Defendants against him.

A *Spears*[1] hearing was held on October 30, 2018.  On December 13, 2018, the undersigned issued a Memorandum and Recommendation (December 13, 2018 M&R),

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

recommending that the Court: (1) retain Plaintiff's retaliation claim against Assistant Warden Furr in his official capacity for injunctive relief; and (2) dismiss Plaintiff's remaining claims against all Defendants for failure to state a claim and/or as frivolous. (D.E. 10).  The undersigned ordered service of Plaintiff's complaint on Assistant Warden Furr.  (D.E. 9).

On January 29, 2019, Assistant Warden Furr filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (D.E. 21).  He contended that: (1) Plaintiff failed to exhaust his administrative remedies; (2) Plaintiff's claims for injunctive relief were rendered moot against Assistant Warden; and (3) Plaintiff's retaliation claims were barred by *res judicata* or collateral estoppel.   (D.E. 21, pp. 3-8).  On July 31, 2019, the undersigned issued a Memorandum and Recommendation (July 31, 2019), recommending that the motion to dismiss be denied in all respects.  (D.E. 40).

On August 1, 2019, the undersigned substituted Warden Philip Sifuentes in place of Assistant Warden Furr as the defendant capable of providing Plaintiff's requested injunctive relief.  (D.E. 41).  On August 19, 2019, Senior District Judge Hilda G. Tagle adopted in substance both the December 13, 2018 M&R and the July 31, 2019 M&R. (D.E. 44).

On September 23, 2019, Warden Sifuentes filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (12(b)(6).  (D.E. 50).  On the same day, the Office of the Attorney General (OAG) filed a Motion to Substitute Warden Jeffery

Richardson in place of Warden Sifuentes. (D.E. 51). The OAG attached as an exhibit a Motion to Dismiss filed by Warden Richardson. (D.E. 51-1). In a written order, the undersigned substituted Warden Richardson in place of Warden Sifuentes as the defendant in this case regarding Plaintiff's claims for injunctive relief. (D.E. 52).

The undersigned subsequently directed the Clerk of Court to docket Warden Richardson's Motion to Dismiss and denied Warden Sifuentes' Motion to Dismiss as moot. (D.E. 77). Plaintiff has filed a response to Warden Richardson's Motion to Dismiss. (D.E. 70).

On September 23, 2019, Plaintiff filed a Motion for TRO and Preliminary Injunction. (D.E. 53-1). On October 2, 2019, Warden Richardson responded to this motion. (D.E. 56). On October 3, 2019, the undersigned conducted a telephone hearing on Plaintiff's motion seeking preliminary injunctive relief. (D.E. 80).

On October 3, 2019, Plaintiff filed a motion to supplement his request for a TRO and preliminary injunction with additional facts and exhibits.[2] (D.E. 61). On October 21, 2019, in addition to including information regarding Plaintiff's request for a TRO or preliminary injunction, Plaintiff filed a motion for the court to provide miscellaneous relief.[3] (D.E. 66). On February 13, 2020, Plaintiff filed a Motion for Sanctions. (D.E. 75).

---

[2] The undersigned will address Plaintiff's motion to supplement in a separate order.

[3] The undersigned will address Plaintiff 's motion to provide miscellaneous relief in a separate order.

Plaintiff's allegations, which were made either in Plaintiff's original complaint (D.E. 1) or at the *Spears* hearing, are set forth in detail in the July 31, 2019 M&R. They are incorporated by reference herein.

## III.   DISCUSSION

### A.   Motion to Dismiss

#### *(1)   General Legal Principles*

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its *face*.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. "[A] plaintiff's obligation to prove the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 554-55.

When considering a motion to dismiss, district courts are "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). A court ruling on a Rule 12(b)(6) motion may also consider matters of which the court takes proper judicial notice. *See Davis v. Bayless*, 70 F.3d 367, 372 n. 3 (5th Cir. 1995) ("Federal courts are permitted to refer to matters of public record when deciding a Rule 12(b)(6) motion to dismiss."); *Cinel v. Connick*, 15 F.3d 1338, 1343, n.6 (5th Cir. 1994) ("In deciding a 12(b)(b)(6) motion to dismiss, a court may permissibly refer to matters of public record.").

### (2)    Exhaustion

Warden Richardson moves to dismiss Plaintiff's retaliation claims against him for failure to exhaust his administrative remedies. (D.E. 78, pp. 4-6). The Prison Litigation Reform Act, 42 U.S.C. § 1997e, provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

A prisoner must complete the administrative review process in accordance with all procedural rules, including deadlines, as a precondition to bringing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 83 (2006). The TDCJ provides a two-step procedure for presenting administrative grievances. *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999)

(per curiam).  The Fifth Circuit requires that both steps be completed in order to file suit in federal court.  *Johnson v. Johnson*, 385 F.3d 503, 515-16 (5th Cir. 2004) ("[A] prisoner must pursue a grievance through both steps for it to be considered exhausted.").

In *Johnson*, the Fifth Circuit discussed how much detail is required in a grievance for purposes of effectively exhausting administrative remedies.  The Fifth Circuit noted that one of the purposes of the exhaustion requirement is to give officials "time and opportunity to address complaints internally."  *Johnson*, 385 F.3d at 517 (citations omitted).  A grievance "should be considered sufficient to the extent that the grievance gives officials a fair opportunity to address the problem that will later form the basis of the lawsuit."  *Id.*

Assistant Warden Furr contended in his motion to dismiss that Plaintiff had failed to exhaust his administrative remedies.  (D.E. 21).  The undersigned disagreed in the July 31, 2019 M&R, finding that Plaintiff's numerous grievances provided sufficient notice to prison officials to address the retaliation claims that now form the basis of this lawsuit.  (D.E. 40).  District Judge Tagle adopted this recommendation.  (D.E. 44).

Warden Richardson now contends in his Motion to Dismiss that Plaintiff never exhausted his retaliation claims with respect to any action taken by Warden Richardson.  (D.E. 78, p. 6).  Plaintiff responds that he has attached numerous grievances to his complaint which demonstrate that he has exhausted his retaliation claims.  (D.E. 70, pp. 17-18).  Plaintiff further states that Warden Richardson has been retained as the sole defendant in this case because he is the individual in charge of the McConnell Unit and best capable of providing the injunctive relief requested.  (D.E. 70, p. 18).

In denying Assistant Warden Furr's motion to dismiss, the Court has already determined that Plaintiff successfully exhausted his retaliation claims in a manner sufficient to survive a Rule 12(b)(6) motion to dismiss.  (D.E. 40, 44).  As Plaintiff points out, Warden Richardson has been substituted into this case because he is now the McConnell Unit official in the best position to implement Plaintiff's requested injunctive relief.   Because Plaintiff has successfully exhausted his retaliation claims, the undersigned respectfully recommends that Warden Richardson's Motion to Dismiss for failure to exhaust administrative remedies be denied.

### (3)    *Analysis of Retaliation Claim*

Plaintiff claims that he has been subjected to a retaliatory campaign of harassment against him.  To state a valid § 1983 claim for retaliation, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation."  *Jones*, 188 F.3d at 324-25 (citing *McDonald v. Stewart*, 132 F.3d 225, 231 (5th Cir. 1998)).

Warden Richardson contends in his Motion to Dismiss that he should not be held liable as he was not personally involved in the alleged constitutional violations.  (D.E. 78, pp. 7-8).  Plaintiff responds that, pursuant to the Court's prior ruling, he has stated a plausible retaliation claim in this case.  (D.E. 70, p. 19).  Plaintiff further contends that Warden Richardson has been named in this case because he is in the best position to provide the requested injunctive relief and not under a vicarious or *respondeat superior* theory.  (D.E. 70, p. 19).

The undersigned agrees with Plaintiff.  In the December 13, 2018 M&R, the undersigned evaluated Plaintiff's allegations and claims under the Rule 12(b)(6) standard and concluded that Plaintiff's allegations were sufficient to state a retaliation claim. (D.E. 40).  The District Court subsequently adopted this M&R.  (D.E. 44).  Furthermore, as discussed above, Warden Richardson is the appropriate defendant in this case. Accordingly, the undersigned recommends that his Motion to Dismiss be denied on the issue of whether Plaintiff has stated a claim for relief.

### (4)   Eleventh Amendment and the PLRA

Warden Richardson asserts in his Motion to Dismiss that he is entitled to Eleventh Amendment immunity from suit.  (D.E. 78, pp. 8-10).  "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective."  *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (internal quotations and modifications omitted).  Thus, the *Ex parte Young* exception applies when (1) a plaintiff has pled a valid claim for a violation of federal law against a state official responsible for enforcing the law at issue in that person's official capacity; (2) the claim seeks only prospective injunctive relief; and (3) the claim seeks to address a "continuing violation of federal law."  *Walker v. Livingston*, 381 F. App'x 477, 478-79 (5th Cir. 2010) (per curiam) (citing *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 73 (1996)).

As discussed above, Plaintiff has successfully stated a retaliation claim sufficient to move forward. Plaintiff's allegations further indicate that any possible constitutional

violations may be ongoing. Plaintiff, therefore, should have the opportunity to engage in discovery and prove both his claims and entitlement to any prospective injunctive relief requested.

Warden Richardson further asserts that the injunctive relief sought by Plaintiff would violate the Prison Litigation Reform Act ("PLRA"). (D.E. 78, pp. 8-10). The PLRA limits a court's ability to fashion injunctive relief. Before a district court can award such relief, it must find that "such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation." 18 U. S. C. § 3626(a)(1)(A). Under the PLRA, plaintiff are not entitled to the most effective available remedy; they are entitled to a remedy that eliminates the constitutional injury. *See Westefer v. Neal*, 682 F.3d 679, 683-84 (7th Cir. 2012) (vacating an injunction under the PLRA because it exceeded what was required under the Due Process Clause).

As discussed above, Plaintiff has successfully stated a retaliation claim and is seeking prospective injunctive relief to correct the ongoing violation of his constitutional rights. At this stage in the case, the undersigned cannot conclude that the injunctive relief sought by Plaintiff is not so narrowly drawn as to be the least intrusive means necessary to correct any violation of her constitutional rights. Following discovery and further development of the issues in this case, the Court will be in better position to consider whether the injunctive relief sought by Plaintiff violates the PLRA.

Accordingly, the undersigned respectfully recommends that Warden Richardson's Motion to Dismiss should be denied on the issues of whether Plaintiff's retaliation claim

is barred by the Eleventh Amendment or conflicts with the limitations imposed by the PLRA.

**B.      Motion for TRO and Preliminary Injunction**

Plaintiff moves the Court for a TRO or preliminary injunction in order to prevent his legal materials and exhibits related to litigation in this case or others filed in this Court from being destroyed by TDCJ staff.  (D.E. 53).  Plaintiff claims that prison staff at the McConnell Unit are purposefully confiscating and threatening to destroy his legal papers in order to defeat his ability to litigate this case as well as other cases.   (D.E. 53, pp. 1-6).  Plaintiff subsequently filed supplemental materials where he stated that all of his legal materials had recently been confiscated.  (D.E. 61, p. 2).

In his response, Warden Richardson contends that Plaintiff's complaints about the confiscation of property and legal materials have no relation in law or in fact to his claims raised in this action.  (D.E. 56, pp. 2-3).   Warden Richardson further contends that Plaintiff is otherwise not entitled to any preliminary injunctive relief.  (D.E. 53, pp. 3-8). In support of his response, Warden Richardson has submitted the affidavits of Assistant Warden Miller and Officer Megan Thompson.  (D.E. 56-1; 58-1).

On October 3, 2019, the undersigned conducted a telephone hearing on Plaintiff's motion seeking preliminary injunctive relief.  The undersigned clarified at the hearing that the Court would not consider Plaintiff's motion for preliminary injunctive relief to the extent that Plaintiff seeks to raise additional claims or is complaining about unrelated cases filed by him or other inmates.  (D.E. 57, p. 13). The undersigned now turns to consider whether Plaintiff is entitled to preliminary injunctive relief.

In order to obtain a preliminary injunction under Federal Rule of Civil Procedure 65, the movant must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) the injunction will not disserve the public interest. *Texans for Free Enterprise v. Texas Ethics Com'n*, 732 F.3d 535, 536-37 (5th Cir. 2013).  Injunctive relief is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance.  *Sepulvado v. Jindal,* 729 F.3d 413, 417 (5th Cir. 2013) (internal citations and quotations omitted).  Plaintiff must carry the burden as to all four elements before a preliminary injunction may be considered.  *Voting for America, Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (internal quotations and citations omitted).

Plaintiff's motion fails to warrant the extraordinary remedy of a preliminary injunction as he has failed to demonstrate a substantial threat of an irreparable injury. Discovery has yet to commence in this case.  Plaintiff has failed to show how any missing or confiscated evidence was necessary to defeat Warden Richardson's Motion to Dismiss.  Indeed, as discussed above, the undersigned has recommended that the motion be dismissed and that this case be allowed to proceed forward.  In the absence of showing irreparable harm, Plaintiff's motion for preliminary injunctive relief (D.E. 53) should be denied.

### C.      Motion for Sanctions

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, Plaintiff moves for sanctions against Warden Richardson, his counsel, and two agents of Warden Richardson

(Assistant Warden Miller and Officer Thompson).   (D.E. 75).   Rule 11 provides that

every attorney, or unrepresented party, who presents a document to a court certifies that:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b)(2).

The Fifth Circuit has explained that Rule 11 places three duties on counsel: (1) to

make a reasonable inquiry into the factual basis of all documents presented to the court;

(2) to make a reasonable inquiry into the law; and (3) to refuse to sign any pleading or

motion intended merely to harass another party, or delay the proceedings. *Thomas v.*

*Capital Sec. Servs., Inc.,* 836 F.2d 866, 874 (5th Cir.1988) (en banc).   Courts are to judge

an attorney's compliance by an objective standard of reasonableness, considering the

circumstances at the time the document was signed. *Smith v. Our Lady of the Lake Hosp.,*

*Inc.,* 960 F.2d 439, 444 (5th Cir.1992) (citations omitted).

Courts may impose sanctions for violations of Rule 11(b) after notice and a

reasonable opportunity to respond.   Fed. R. Civ. P. 11(c)(1).   Sanctions can be imposed

on "any attorney, law firm, or party that violated the rule or is responsible for the

violation." *Id.* Courts should use "the sanction that furthers the purposes of Rule 11 and is the least severe sanction adequate to such purpose." *Thomas*, 836 F.2d at 878; *see also* Fed. R. Civ. P. 11(c)(4).

Plaintiff complains that Warden Richardson, his counsel, and Defendant's agents have acted improperly in connection with Warden Richardson's response to Plaintiff's motion seeking a TRO or preliminary injunctive relief. (D.E. 75, p. 4). According to Plaintiff, the undersigned directed Warden Richardson to produce all of the documents missing or confiscated from him. Plaintiff complains that: (1) Warden Richardson's counsel failed to send Plaintiff a copy of any pleadings discussed or referenced at the October 3, 2019 telephone hearing (D.E. 75, p. 7); (2) counsel made false representations to the Court that caused the undersigned not to rule in his favor at the hearing (D.E. 75, pp. 7-9); (3) Warden Richardson's agent, Megan Thompson, made several false statements in her sworn affidavit (D.E. 75, pp. 10-29); and (4) Warden Richardson's second agent, Assistant Warden Miller, made several false and incorrect statements in his affidavit (D.E. 75, pp. 29-33).

Plaintiff has attached voluminous amounts of documentary material in an effort to discredit the affidavit testimony of Thompson and Miller. (D.E. 75-1 through 75-5). He contends that the creditability of the affidavit testimony offered by Thompson and Miller have been compromised and that these affidavits should be stricken or otherwise disregarded as a basis for supporting findings in their favor. (D.E. 75, pp. 33-34, 37). Plaintiff further seeks attorney's fees and expenses. (D.E. 75, p. 37).

Warden Richardson has not filed a response to Plaintiff's Motion for Sanctions in this case.   Nevertheless, Warden Richardson has responded to similar motions for sanctions filed by Plaintiff in *Hoffman v. Richardson, et al.*, 2:18-CV-328 (*Hoffman I*) and *Hoffman v. Richardson, et al.*, 2:18-CV-336 (*Hoffman III*).   In those responses, Warden Richardson contended that: (1) he acted properly by sending Plaintiff copies of documents and pleading identified as missing even when not directed to do so by the Court (*Hoffman I*, D.E. 83, p. 2; *Hoffman III*, D.E. 87, p. 2;); and (2) Plaintiff's submission of evidence attacking the credibility of the Thompson's and Miller's affidavit testimony did not serve as a basis for an award of sanctions (*Hoffman III*, D.E. 87, p. 3).

At the outset, Plaintiff is not entitled to recover attorney's fees as he represents himself in this action.   *See Bell v. Classic Chevrolet/Buick and BMW, Inc.*, No. 05-2262, 2007 WL 9797530, at *1 (D. N.J. Sep. 27, 2007) (citing *Kay v. Ehrler*, 499 U.S. 432, 435 (1991)).   Furthermore, after reviewing the materials presented by the parties in this case, the undersigned finds that Rule 11 sanctions are not appropriate.

A reasonable factual basis exists for the submission of the evidence by Warden Richardson, including the affidavit testimony of Thompson and Miller, in support of their response to Plaintiff's motion seeking injunctive relief.   While Plaintiff has gone to great lengths to present evidence attacking the credibility of Warden Richardson's evidence, Plaintiff has failed to demonstrate that: (1) counsel for Warden Richardson has violated his duties to the Court in responding to Plaintiff's motion; or (2) Warden Richardson or any of his agents have otherwise violated Rule 11.   Accordingly, the undersigned recommends that Plaintiff's Motion for Sanctions (D.E. 75) be denied.

## IV.   RECOMMENDATION

For the foregoing reasons, **IT IS RESPECTFULLY RECOMMENDED** that Warden Richardson's Motion to Dismiss (D.E. 65) be **DENIED** in its entirety.

**IT IS RESPECTFULLY RECOMMENDED FURTHER** that Plaintiff's motion seeking a TRO or preliminary injunctive relief (D.E. 53-1) and his Motion for Sanctions (D.E. 75) be **DENIED**.

Respectfully submitted this 5th day of August 2020.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).