IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRED HOFFMAN, III,<br>   Plaintiff,<br>v.<br><br>JEFFERY RICHARDSON, et al.,<br>   Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2:18-CV-333 |

PLAINTIFF'S EMERGENCY NOTICE HE IS OUT OF STAMPS AGAIN &
PLAINTIFF'S EMERGENCY NOTICE/MOTION FOR LEAVE OF EXTENSION TO
RESPOND TO THE DEFENDANT'S DISPOSITIVE MOTIONS

TO THE UNITED STATES JUDGES OF SAID COURT:

    Comes now, FRED HOFFMAN, III, TDCJ# 1662898, the Plaintiff, and is now filing NOTICE that he is out of stamps again, can only buy 30 every fourteen days at best, and is waiting to buy more now. He is also filing for Leave of Extension to Respond to the Defendant's Dispositive motions as the mailing of the required EXHIBITS for the response used up all his stamps, with the combined weight of the over 400 pages of exhibtis mailed out already. Plaintiff is giving NOTICE this will be the last extension request, the request will give him enough time to mail his three filings that are still sitting here, & the request will be comparable to the time allotted to the Plaintiff's counsel in case 2:18-CV-328 to respond to the same styled motion. The Plaintiff will now provide the following in support:

I. LIBERAL CONSTRUCTION RULE

1.   Pro Se litigant pleadings are to be construed liberally and held to less stringent standards, opposed to formal pleadings filed by attorneys, this Court should liberally construe pleadings by PRO SE litigants despite the failure to cite proper legal authority, confusion of legal theories, poor syntax and also sentence construction, or litigants unfamiliarity with pleading requirements. SEE: HAINES v. KERNER, 404 U.S. 519, 30 L.Ed.2d 652, 92 S. Ct. 594 (1972).

## II. PLAINTIFF'S NOTICE HE IS OUT OF STAMPS AND HERE IS WHY

2. The Plaintiff is allowed to buy thirty stamps every 14 days on average, but due to commissary schedules it is a lot of times a longer wait. The Plaintiff is waiting now to buy more as we speak, and then additional mailing will continue. Also the weight of the envelopes requires on average seven pages per stamp, so that there is sufficient postage for first class.

3. On 3 March, 2021, the Plaintiff mailed his EMERGENCY AMENDED & SUPPLEMENTAL MOTION FOR A TRO & PRELIMINARY INJUNCTION FOR PLAINTIFF TO BE RETURNED TO THE MCCONNELL UNIT AND NOT BE SUBJECT TO FURTHER TRANSFERS TO OTHER TDCJ-CID UNITS, which was sixty-one pages long and required **ELEVEN STAMPS** to mail 1st class. DE No. 102.

4. On 4 March, 2021, the Plaintiff mailed his NOTICE TO THE COURT OF CONTINUING MAIL IRREGULARITIES, which was seven pages long and required **ONE STAMP** to mail first class. DE No. 103.

5. On 4 March, 2021, the Plaintiff mailed his MOTION FOR TDCJ'S DIRECTOR LORI DAVIS TO REPLACE ML HEAD WARDEN JEFFERY RICHARDSON IN THIS SUIT FOR THE PURPOSE OF BEING ABLE TO EFFECT ACTUAL INJUNCTIVE RELIEF, which was eight pages long & required **TWO STAMPS** to mail out first class. **NOTE: This MOTION does NOT appear in the docket, per Plaintiff's Power of Attorney.**

6. **On 4 March, 2021, the Plaintiff receives the DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, for the first time. DE No. 93.**

7. On 4 March, 2021, the Plaintiff mailed his MOTION FOR LEAVE OF EXTENSION TO RESPOND TO DEFENDANT RICHARDSON'S MOTION FOR SUMMARY JUDGMENT TO DISMISS THE PLAINTIFF'S CLAIM AS MOOT, which was seven pages long & required **ONE STAMP** to mail first class. DE No. 106.

08. On 5 March, 2021, the Plaintiff mailed his MOTION TO AMEND & SUPPLEMENT HIS ORIGINAL COMPLAINT, which was 17 pages long & had 24 pages in Exhibits, which required **EIGHT STAMPS** to mail first class. NOTE: **This MOTION does NOT appear in the docket, per Plaintiff's Power of Attorney. The envelope was so large it did not fit in the mailbox slot, and the Plaintiff who is barred from access to the mailroom was forced to set it on top of the mailbox for pick-up.**

09. On 5 March, 2021, the Plaintiff mailed his SECOND NOTICE TO THE COURT OF DEFENDANT'S NON-COMPLIANCE WITH DISCOVERY RULES AND PLAINTIFF'S MOTION FOR AN EXTENSION OF DISCOVERY DEADLINES, which was 5 pages long and required **ONE STAMP** to mail first class. **DE No. 107.**

10. **On** 9 March, 2021, the Plaintiff mailed his NOTICE TO THE COURT HE IS OUT OF STAMPS AND HE IS NOW WAITING ON EITHER THE LAW LIBRARY TO MAIL HIS LEGAL MAIL OR TO BE ABLE TO BE ALLOWED TO BUY STAMPS FROM COMMISSARY, which was two pages long and required **ONE STAMP** to mail out first class. **DE No. 104.**

11. On 18 March, 2021, the Plaintiff mailed his SUPPLEMENTED EXHIBITS TO DE No. 102, WHICH IS ALSO AMEND DE NO's 91-1, 91-2, & 91-3, with EXHIBITS A-FF, which was over 300 pages long and required **THIRTY-EIGHT STAMPS** to mail first class mail. **DE No. 111.**

12. On 21 March, 2021, the Plaintiff mailed his NOTICE TO THE COURT HE IS OUT OF STAMPS AGAIN and NOTICE TO THE COURT OF HIS DUE DILIGENCE AND HIS USE OF PUBLIC DOMAIN RECORDS and MOTION TO AMEND & SUPPLEMENT DE No's 91, 91-1, 91-2, and 91-3, with DE NO. 102 and SUPPLEMENTAL EXHIBITS NAMED IN THE ATTACHED APPENDIX & IDENTIFIED AS EXHIBITS A-14, which was 12 pages long and required **TWO STAMPS** to mail out first class. **DE No. 112.**

13. On 8 April, 2021, the Plaintiff mailed his SECOND MOTION FOR TDCJ'S LORI DAVIS TO REPLACE ML HEAD WARDEN JEFFERY RICHARDSON IN THIS SUIT FOR THE PURPOSE OF BEING ABLE TO EFFECT ACTUAL INJUNCTIVE RELIEF, which was 8 pages long

and required **TWO STAMPS** to mail out first class. NOTE: **This MOTION does NOT** a again **appear in the docket,** after **mailing it twice now.**

14. On 10 April, 2021, the Plaintiff mailed his MOTION FOR IN CAMERA INSPECTION OF THE SUPPLEMENTAL EXHIBITS 01-14, MOTION TO SEAL SUPPLEMENTAL EXHIBITS 01-14, and SUPPLEMENTAL SEALED EXHIBITS 01-14, which was over 140 pages and required **TWENTY-ONE STAMPS** to mail out first class. NOTE: **This MOTION & EXHIBITS does NOT appear in the docket yet.**

15. On 11 April, 2021, the Plaintiff mailed his SUPPLEMENTAL EXHIBITS GG-ZZ, which was over 60 pages and required **TEN STAMPS** to mail out first class. NOTE: **These EXHIBITS do NOT appear in the docket yet.**

16. On 11 April, 2021, the Plaintiff mailed his MOTION TO JOINDER BC HEAD WARDEN ADAM GONZALEZ AS A DEFENDANT, which was over 21 pages and required **FOUR STAMPS** to mail out first class. NOTE: **This MOTION does NOT appear in the docket.**

17. On 11 April, 2021 the Plaintiff mailed his EMERGENCY MOTION FOR LEAVE OF EXTENSION TO RESPOND TO THE DEFENDANT'S DISPOSITIVE MOTIONS and NOTICE HE IS OUT OF STAMPS AGAIN, which was over seven pages long and required **TWO STAMPS** to mail out first class. NOTE: **This MOTION does NOT appear in the docket yet.**

18. So over the past thirty-five days the Plaintiff used **ONE HUNDRED & THREE STAMPS** mailing his filings to this Honorable Court, and that comes to over **TWO HUNDRED**, after mailing duplicates to the Defendant. All this in a time where the Plaintiff was limited to buying **SIXTY** stamps.

19. The Plaintiff buys thirty stamps every time he is allowed, even if they are not needed at the time, then saves them up, which is how he pulled off using two hundred in thirty days. However, this leaves multiple filings not able to be mailed out yet. This also does not count the Plaintiff mailing out exhibits for copying, or mailing to other courts.

20. The Plaintiff gives NOTICE that these filings will be mailed the minute he is able to get more stamps, which should be by May 6th, 2021. They are:

   a) PLAINTIFF'S RESPONSE IN OPPOSITION TO THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT TO DISMISS THE CASE AS MOOT (DE No. 93);

   b) PLAINTIFF'S RESPONSE IN OPPOSITION TO THE DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR TRO (DE No. 100); and

   c) PLAINTIFF'S SECOND MOTION TO AMEND & SUPPLEMENT HIS ORIGINAL COMPLAINT, SINCE THE FIRST IS MISSING.

21. The responses in a & b required the use of the EXHIBITS marked A-14, and were mailed in three filings, so the exhibits were mailed first. With their envelopes being so large it is also clear there is significant delays with the mail in the BC mailroom & the Amarillo post office. The mailroom keeps blaming the post office, and at this point the Plaintiff does not know who is at fault.

22. The Plaintiff requests to be notified if any of his filings do not show up to the Court, as his Power of Attorney cannot afford the ten dollar charge to view the docket online repeatedly. The few that the Plaintiff does know about have been duplicated and re-made for filing.

### III. MOTION FOR LEAVE OF EXTENSION TO RESPOND TO DISPOSITIVE MOTIONS

23. The Plaintiff uses the above discussion points as part of the motion to justify one last extension to respond to the dispositive motions filed by the Defendant, which the Plaintiff will remind the Court he did not receive until 4 March, 2021.

24. According to the commisssary schedule which is subject to change, the Plaintiff should be allowed to buy stamps on May 6, 2021 and May 17, 2021, and then not again until June.

25. Also this extension would put the Plaintiff close to the same amount of

time already granted to his assigned counsel in case 2:18-CV-328 to respond to the same type of dispositive motion in that case.

26. While PRO SE in this case, the times to respond should be comparable, with taking into account all the issues the Plaintiff has had that are OUTSIDE his control in this case.

27. The Plaintiff guarantees that the responses will be mailed on the 6th of May, 2021, as long as the day to goto commissary does not change, which it should not. Barring a unit wide lockdown, that could be the only thing to prevent the Plaintiff from buying stamps.

28. Also if the schedule is updated that means the Plaintiff will go sooner, not later than the 6th of May. No matter what day he goes, the very next day the filings will be in the mail to this Honorable Court.

29. The Plaintiff therefore moves for an extension until 7 May, 2021, which is the day after the last possible day for the Plaintiff to go to commissary, so that his valid responses to the dispositive motions can arrive to the Court.

30. The Plaintiff is not trying to antagonize the Court or the Defendant, he just is limited to how many stamps he can buy, as a safety measure to prevent extortion in prison.

31. The Plaintiff's request for an extension is reasonable as the responses are already ready to mail, they just lack postage, the Plaintiff is not fully indigent as the last of his stimulus check is on his account, so using the law library is not allowed per policy, when funds are available on his account.

## IV. PRAYER

32. WHEREFORE PREMISES CONSIDERED, Plaintiff prays the Court grant one last extension to file his written objections & exhibits to the Defendant's dis-

positive motions, and that the extension until 7 May, 2021, be given. Should the Plaintiff's issues in buying stamps resolve themselves earlier, of course then the Plaintiff will mail the responses sooner. This request will better serve justice in this matter before this Honorable Court, involving the Plaintiff's civil rights.

For the above reasons, the Plaintiff prays that the Court to GRANT this Motion for Leave of Extension to file his written objections to the motions.

Respectfully Submitted,

DATED: 04/11/2021

FRED HOFFMAN, III, PRO SE
TDCJ# 1662898

### INMATE DECLARATION

I, FRED HOFFMAN, III, TDCJ# 1662898, being presently incarcerated at the Bill Clements Unit, in Potter County, Texas, declare under penalty of perjury that the foregoing MOTION & NOTICE is true and correct.

EXECUTED on this 11th day of APRIL, 2021.

FRED HOFFMAN, III, PRO SE
TDCJ# 1662898

### CERTIFICATE OF SERVICE

I, FRED HOFFMAN, III, TDCJ# 1662898, do hereby certify that a true and a correct carbon copy of the foregoing NOTICE & MOTION, has been served by placing same in the USPS mail, postage prepaid, first class, on this 11th day of April, 2021, & was addressed to:

Mr. Jonathan Pena, Asst. Atty. Gen., P.O. Box 12548, Austin, Texas 78711-2548

FRED HOFFMAN, III, TDCJ# 1662898
Bill Clements Unit