IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRED HOFFMAN III,<br>TDCJ NO. 01662898,<br>    Plaintiff, | §<br>§<br>§<br>§ | |
| | § | CIVIL ACTION NO. 2:18-CV-333 |
| | § | |
| v. | § | |
| | § | |
| JEFFERY RICHARDSON,<br>    Defendant. | §<br>§ | JURY |

**REPLY IN SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT ON BEHALF OF DEFENDANT JEFFERY RICHARDSON**

Defendant Jeffery Richardson ("Defendant"), through the Attorney General for the State of Texas, files this reply and objections to Plaintiff Fred Hoffman's ("Hoffman") response to Defendant Richardson's motion for summary judgment [D.E. 93].

**STATEMENT OF THE CASE**

Hoffman is an inmate incarcerated at the Bill Clements Unit in Amarillo, Texas within the Texas Department of Criminal Justice ("TDCJ"). Hoffman filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983 on December 13, 2018, while he was housed at the McConnell Unit in Beeville, Texas. ECF No. 9-1 at 3. In Hoffman's live complaint, he named the following McConnell officials as defendants: (1) Sergeant Javier Muro; (2) Lieutenant Christi L. Garcia; (3) Sergeant Cinthia Guzman; (4) Veronica Inmon, Classification Case Manager (CCM) II; (5) Corey Furr, Assistant Warden; (6) Lieutenant John C. Gonzales; (7) Officer Sonia Gutierrez; and (8) Major James Thompson. ECF No. 9-1 at 3-4 (Hoffman indicating each Defendant is assigned to the McConnell Unit). This court determined that Hoffman primarily asserted that Defendants

1

have engaged in a retaliatory campaign of harassment against him. ECF No. 10 at 2. Since Hoffman was only seeking declaratory and injunctive relief—generally requesting the cessation of all unconstitutional or unlawful conduct committed by Defendants against him—this court concluded that Assistant Warden Furr is the individual most likely able to fashion injunctive relief Plaintiff is seeking regarding his retaliation claims. *Id.* at 11 (in which the Court retains Hoffman's retaliation claim against Warden Corey Furr in his official capacity for injunctive relief); ECF No. 41 (in which Warden Phillip Sifuentes is substituted in place of Corey Furr as the defendant in this case regarding Hoffman's claims for injunctive relief); ECF No. 52 (in which Jeffery Richardson is substituted for Phillip Sifuentes regarding Hoffman's claims for injunctive relief).

Hoffman is no longer housed at the McConnell Unit in Beeville, Texas. He is assigned to and presently housed at the Clements Unit in Amarillo, Texas.[1]

## STANDARD FOR SUMMARY JUDGMENT EVIDENCE

Evidence offered for or against summary judgment is "subject to the same standard and rules that govern the admissibility of evidence at trial." *Rushing v. Kansas City Southern Ry. Co.,* 185 F.3d 496, 504 (5th Cir. 1999) (citing *Donaghey v. Ocean Drilling & Exploration Co.,* 974 F.2d 646, 650 N. 3 (5th Cir. 1992); *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 175-76 (5th Cir. 1990), *cert denied,* 510 U.S. 859 (1993)).

In federal practice, objections to summary judgment evidence must be raised either orally or in writing by submission before formal consideration of the motion; otherwise, objections are deemed waived. *See e.g., Branton v. City of Moss Point,* 261 F. App'x 659, 661 n.1 (5th Cir. 2008)

---

[1] Respectfully see by way of judicial notice Hoffman's current housing assignment at the William P. Bill Clements Unit in Amarillo, Texas, which is found in the public domain at: https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=07890233

(per curiam) (finding any argument regarding the untimely production of an affidavit was waived due to the objecting party's failure to raise the issue in the district court). Under the revised Rule 56(c)(2), motions to strike are unnecessary; rather, a party may simply object that the material cited is not admissible into evidence. FED. R. CIV. P. 56(c)(2); FED. R. CIV. P. 56 advisory committee's notes to the 2010 amendments ("There is no need to make a separate motion to strike.").

Hoffman fails to provide competent summary judgment evidence in his response [ECF No. 121] because most of the response is either self-serving declarations, hearsay, irrelevant, or otherwise inadmissible. There must be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," unsubstantiated assertions, or the presence of a "scintilla of evidence" is not enough to create a real controversy regarding material facts. *See, e.g. Lujan v. National Wildlife Federation*, 497 U.S. 871, 902; *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082, 1086 (5th Cir. 1994). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

### I. Hoffman's statement in ECF No. 121 at 24, ¶92 is inadmissible hearsay.

In paragraph 92 of Hoffman's response to Defendant's motion for summary judgment, he offers a statement that was ostensibly made by C.O. Rangel the morning of Hoffman's transfer. Hoffman asserts that CO Rangel admitted that Hoffman was moved because Senior Warden Evelyn Castro had it done, stating: "Yeah I hear Bill Clements sucks ass, and it took Castro's ass pulling some major strings in Huntsville to pull the shit off."

This is textbook inadmissible hearsay. Fed R. Evid. 801 and 802; *see Fowler v. Smith,* 68 F.3d

124, 126 (5th Cir. 1995) ("[e]vidence on summary judgment may be considered to the extent not based on hearsay"). Correctional Officer Rangel has not provided his or her sworn testimony, and Hoffman's efforts to summarize Rangel's testimony is inherently unreliable and self-serving. Consequently, Hoffman endeavors to offer Rangel's statement for the truth of the matter asserted—that the McConnell Unit Head Warden had Hoffman transferred off McConnell, ostensibly out of retaliation. This proposed summary judgment evidence does not fit within any exceptions, and it is inadmissible. *See* Fed. R. Evid. 803.

**II.  Hoffman's response to Defendant's motion for summary judgment is riddled with mere conclusory allegations including paragraphs 91, 92, 93, 97, 98, 103, 104, and 105.**

Mere conclusory allegations are not competent summary judgment evidence. *Salas v. Carpenter,* 980 F.2d 299, 305 (5th Cir. 1992) (explaining that conclusory assertions are not admissible as summary judgment evidence).

### DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

Within Hoffman's response to Defendant's motion for summary judgment, he incorporates by reference a number of previous filings. *See* ECF No. 121 at 17, 22, 23. Undersigned has responded to most of Hoffman's miscellaneous notices and motions and undersigned respectfully incorporates by reference those responses into Defendant's reply in support of his summary judgment motion. *See* ECF No. 100, 114

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

4

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN E. COWLES**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Division Chief, Law Enforcement Defense Division

/s/ Jonathan M. Pena
**JONATHAN M. PENA**
Assistant Attorney General
Texas State Bar No. 24110207
Southern District ID No. 3350256

Law Enforcement Defense Division
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2080 / Fax (512) 370-9994
Jonathan.Pena@oag.texas.gov

**Attorney for Richardson**

### NOTICE OF ELECTRONIC FILING

I, **Jonathan M. Pena,** Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing a true copy of the above **Reply in Support of the Motion for Summary Judgment on Behalf of Defendant Jeffery Richardson** in accordance with the Electronic Case Files System of the Southern District of Texas on May 28, 2021.

/s/ Jonathan M. Pena
**JONATHAN M. PENA**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **Jonathan M. Pena**, Assistant Attorney General of Texas, certify that a true copy of the above **Reply in Support of the Motion for Summary Judgment on Behalf of Defendant Jeffery Richardson** has been served by placing it in United States Postal Service, certified mail, return receipt requested, postage prepaid, on June 1, 2021, addressed to:

Fred Hoffman, III                                    **Certified Mailed**
TDCJ #01662898
Bill Clements Unit
9601 Spur 591
Amarillo, TX, 79107
*Plaintiff Pro Se*

                                                  /s/ Jonathan M. Pena
                                                  **JONATHAN M. PENA**
                                                  Assistant Attorney General