United States District Court
Southern District of Texas
**ENTERED**
August 11, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRED  HOFFMAN, III, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-333 |
| | § | |
| JEFFERY  RICHARDSON, | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

Plaintiff Fred Hoffman is an inmate appearing *pro se* and *in forma pauperis*. In this prisoner civil rights action filed pursuant to 42 U.S.C. § 1983, Plaintiff primarily alleges that prison officials have engaged in a retaliatory campaign of harassment against him.  Pending before the Court are the following motions: (1) Plaintiff's motions for a temporary restraining order and/or for preliminary injunction (D.E. 91, 102); (2) Defendant Jeffery Richardson's Motion for Summary Judgment (D.E. 93); and (3) Plaintiff's identical motions to replace Warden Richardson with TDCJ Director Lori Davis (D.E. 113, 120).

For the reasons stated herein, the undersigned respectfully recommends that Warden Richardson's Motion for Summary Judgment be **GRANTED**, that Plaintiff's retaliation claims against Warden Richardson for injunctive relief be **DISMISSED as moot**, that Plaintiff's motions for a TRO and/or for preliminary injunction be **DENIED**, that Plaintiff's identical motions to replace Warden Richardson with TDCJ Director Davis be **DENIED**, and that Plaintiff's motion to amend, construed as embedded within his response to the

summary judgment motion (D.E. 121), be **DENIED**.   It is further recommended that final judgment be **ENTERED**  and that this case be **CLOSED**.

## I.      JURISDICTION

The Court has federal question jurisdiction over this civil action pursuant to 28 U.S.C. § 1331.  This case was referred to the undersigned United States Magistrate Judge for case management and to furnish a recommendation pursuant to 28 U.S.C. § 636.

## II.     PROCEDURAL BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is presently housed at the Bill Clements Unit in Amarillo, Texas.  The facts giving rise to Plaintiff's claims occurred in connection with Plaintiff's previous housing assignment to the McConnell Unit in Beeville, Texas.

On October 4, 2018, Plaintiff filed his original complaint, naming the following McConnell Unit officials as defendants: (1) Sergeant Javier Muro; (2) Lieutenant Christi L. Garcia; (3) Sergeant Cinthia Guzman; (4) Veronica Inmon, Classification Case Manager (CCM) II; (5) Corey Furr, Assistant Warden; (6) Lieutenant John C. Gonzales; (7) Officer Sonia Gutierrez; and (8) Major James Thompson. Despite the various conclusory labels that Plaintiff attached to his claims, he primarily claims that Defendants have engaged in a retaliatory campaign of harassment against him. Plaintiff further alleges that Defendants violated his constitutional rights in many other ways. Plaintiff seeks declaratory and injunctive relief in which he generally requests the cessation of all unconstitutional or unlawful conduct committed by McConnell Unit officials against him.

A *Spears*[1] was conducted on October 30, 2018, where Plaintiff was given an opportunity to explain his claims.  On December 13, 2018, the undersigned issued a Memorandum and Recommendation (December 13, 2018 M&R), recommending that the Court retain only Plaintiff's retaliation claims against Assistant Warden Furr in his official capacity for injunctive relief.  (D.E. 10, pp. 8-11, 17).   The undersigned determined that Assistant Warden Furr, out of all the McConnell Unit officials named, was the best person to implement the injunctive relief requested.  (D.E. 10, p. 11).  The undersigned, therefore, ordered service of Plaintiff's complaint on Assistant Warden Furr.  (D.E. 9).  Senior United States District Judge Hilda G. Tagle subsequently adopted the December 13, 2018 M&R. (D.E. 68).

On January 29, 2019, Assistant Warden Furr filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.E. 21). He contended that: (1) Plaintiff failed to exhaust his administrative remedies; (2) Plaintiff's claims for injunctive relief were rendered moot against Assistant Warden; and (3) Plaintiff's retaliation claims were barred by *res judicata* or collateral estoppel. (D.E. 21, pp. 3-8). On July 31, 2019, the undersigned issued a Memorandum and Recommendation (July 31, 2019 M&R), recommending that the motion to dismiss be denied in all respects. (D.E. 40).

On August 1, 2019, the undersigned substituted Warden Philip Sifuentes in place of Assistant Warden Furr as the defendant capable of providing Plaintiff's requested injunctive

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

relief. (D.E. 41). On August 19, 2019, Tagle adopted in substance both the December 13, 2018 M&R and the July 31, 2019 M&R. (D.E. 44).

On September 23, 2019, Warden Sifuentes filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (12(b)(6). (D.E. 50). On the same day, the Office of the Attorney General (OAG) filed a Motion to Substitute Warden Jeffery Richardson in place of Warden Sifuentes. (D.E. 51). The OAG attached as an exhibit a Motion to Dismiss filed by Warden Richardson. (D.E. 51-1).  In a written order issued on September 24, 2019, the undersigned substituted Warden Richardson in place of Warden Sifuentes as the defendant in this case regarding Plaintiff's claims for injunctive relief. (D.E. 52).  The undersigned subsequently directed the Clerk of Court to docket Warden Richardson's Motion to Dismiss and denied Warden Sifuentes' Motion to Dismiss as moot. (D.E. 77).

On August 5, 2020, the undersigned issued a Memorandum and Recommendation (August 5, 2020 M&R), recommending that Warden Richardson's motion to dismiss be denied in all respects. (D.E. 82).  Judge Tagle subsequently adopted the August 5, 2020 M&R. (D.E. 110).

Plaintiff has filed two motions for TRO and/or for preliminary injunction with exhibits (D.E. 91, 102) as well as supplemental exhibits (D.E. 111, 127).  Warden Richardson has filed a response to Plaintiff's request for preliminary injunctive relief.  (D.E. 100).

On February 15, 2021, Warden Richardson filed a Motion for Summary Judgment, seeking to dismiss Plaintiff's retaliation claims as moot.  (D.E. 93).  Plaintiff has filed a

response.  (D.E. 121).  Warden Richardson and Plaintiff have filed a reply (D.E. 123) and sur-reply (D.E. 129), respectively.  Plaintiff also has filed two identical motions to substitute TDCJ Director Lori Davis for Warden Richardson.  (D.E. 113, 120).  Warden Richardson responded to the first motion to substitute.  (D.E. 114).

III.   **SUMMARY JUDGMENT EVIDENCE**

Warden Richardson offers the following summary judgment evidence:

Exh. A:      Plaintiff's Relevant State Classification Committee Records (D.E. 93-1).

Plaintiff has attached to his response or otherwise referenced attached to other submissions the following summary judgment evidence: (1) various news articles about the disciplinary quota system (D.E. 111-1, pp. 2-19); (2) Plaintiff's affidavit submitted to the Galveston County Court (D.E. 111-1, pp. 21-29); (3) letters from various attorneys (D.E. 111-1, pp. 31-33); (4) copies of relevant grievances and grievance-related documents (D.E. 111-1, pp. 44-45; D.E. 111-2, pp. 2-13; D.E. 111-3, pp. 2-21; D.E. 111-5, pp. 31-36, 41-51, 53-54, 56-59; D.E. 127-2, pp. 30-33, 35-38; D.E. 127-3, pp. 3-6; 8-32; D.E. 127-4, pp. 1-8 ); (5) Plaintiff's heat restrictions as of November 8, 2017 (D.E. 111-1, p. 47); (6) Ombudsman Complaints and related statements submitted by Plaintiff and his mother (D.E. 111-2, pp. 15-44, 46-54; D.E. 111-3, pp. 26-39; D.E. 111-5, pp. 38-39; D.E. 121-2, pp. 2-9, 11; D.E. 121-3 D.E. 127-4, pp. 10-29); (7) Plaintiff's I-60 complaints (D.E. 111-3, pp. 23-24); (8) partial list of certified tracking numbers (D.E. 111-3, p. 41); (9) "Affidavit & Opinion from Case 2:11-CV-27" (D.E. 111-3, pp. 43-46); (10) "Affidavit & Order from Case 2:11-CV-320" (D.E. 111-3, pp. 48-51); (11) "Affidavit & Order from Case 2:11-CV-319" (D.E. 111-

4, pp. 2-4); (12) opinions in two state court cases filed by Plaintiff (D.E. 111-4, pp. 6-9); (13) response from the U.S. Ambassador from the United Nations regarding exposure to heat (D.E. 111-4, pp. 11-44); (14) TDCJ's "CHHC D-27.2" policy on heat-related issues (D.E. 111-4, pp. 46-51); (15) Plaintiff's current medications and listed side effects (D.E. 111-5, pp. 2-29); (16) Plaintiff's past medication lists (D.E. 127-1, pp. 2-4, 13-15, 19-21); (17) Plaintiff's heat restrictions as of various dates (D.E. 127-1, pp. 11, 17); (18) docket report and copy of Docket Entry 69 from Case No. 2:11-CV-27 (D.E. 127-1, pp. 23-35; D.E. 127, pp. 2-28); (19) TDCJ's Summer Seasonal Preparedness 2020 (D.E. 127-4, p. 31); (20) USPC Service Request for lost mail (D.E. 127-4, p. 33); (21) Plaintiff's letters (including attachments) to and from counsel who was appointed to represent him in *Hoffman v. Furr, et al.*, Case No. 2:18-CV-328 (D.E. 115, pp. 6-7, 9-13, 15-16, 18-20, 22, 24-59, 61, 63-64, 66-68, 70-72, 74-120, 122-24, 126-29, 131-33); (22) Plaintiff's Declaration (D.E. 121-1, pp. 2-35); and (23) Plaintiff's Disciplinary Case (D.E. 121-2, pp. 10).   Plaintiff's verified complaint and attachments as well as his testimony at the *Spears* hearing serve as competent summary judgment evidence.  *See Garrett v. Davis*, No. 2:14-CV-70, 2017 WL 1044969, at *3 (S.D. Tex. Mar. 20, 2017).

Plaintiff stated in his original complaint and at the *Spears* hearing that Defendants have participated in a retaliatory campaign of harassment against him at the McConnell Unit after he brought grievances on behalf of himself and several inmates against Sergeant Guzman and Sergeant Muro for allowing them only limited access to cold water during two three-day periods of extreme heat.   Plaintiff further stated that the acts of retaliation consisted of: (1) filing false disciplinary cases against him an making improper findings of

guilt; (2) removing his religious beard; (3) denying medical lay-in passes; (4) confiscating legal materials and destroying his typewriter; (5) denying legal visits; (6) refusing to investigate and/or interfering in Plaintiff's Ombudsman Complaints; (7) failing to correct any retaliatory conduct; and (8) denying Plaintiff food, showers, and medicine.

As part of his original complaint, Plaintiff included a section called "Notice of Pre-Emptive Retaliation." (D.E. 1, p. 26). Plaintiff stated therein that "[s]hou[ld] defendants move the Plaintiff to another unit after the filing of this suit, this will be retaliation, by the defendants." (D.E. 1, p. 26). The uncontroverted summary judgment evidence presented demonstrates that in February 2021, while this case is pending, Plaintiff was transferred to the Bill Clements Unit. (D.E. 93-1, p. 2; D.E. 121-1, p. 3).

## IV.  LEGAL STANDARDS

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). The Court may not weigh the evidence or

evaluate the credibility of witnesses.  *Id.*  Furthermore, affidavits or declarations "must be made on personal knowledge, [shall] set out facts that would be admissible in evidence, and [shall] show that the affiant or declarant is competent to testify to the matters stated."  Fed. R. Civ. P. 56(c)(4); *see also Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992) (per curiam) (refusing to consider affidavits that relied on hearsay statements); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (per curiam) (stating that courts cannot consider hearsay evidence in affidavits and depositions).  Unauthenticated and unverified documents do not constitute proper summary judgment evidence.  *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings.  Fed. R. Civ. P. 56(c)(1); *Anderson*, 477 U.S. at 248.  "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted."  *Caboni*, 278 F.3d at 451.  "If reasonable minds could differ as to the import of the evidence ... a verdict should not be directed."  *Anderson*, 477 U.S. at 250-51.

## V.    DISCUSSION

### A.    Mootness

### *(1) General Legal Principles*

Article III of the Constitution limits the jurisdiction of federal courts to actual cases and controversies.  U.S. Const., Art. III, § 2.  This article requires parties seeking to invoke federal court jurisdiction to demonstrate they have a legally cognizable interest or personal stake in the outcome of a case.  *Genesis Healthcare v. Symczyk*, 569 U.S. 66, 71 (2013); *Payne v. Progressive Financial Services, Inc.*, 748 F.3d 605, 607 (5th Cir. 2014). A live controversy must exist at every stage of the litigation.  *Genesis*, 569 U.S. at 71.

A claim becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013).  In other words, if a controversy between parties resolves to the point that they no longer qualify as "adverse parties with sufficient legal interests to maintain the litigation," a court is without power to entertain the particular claim.  *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 324 (5th Cir. 2009) (quoting *United States v. Lares-Meraz*, 452 F.3d 352, 351 (5th Cir. 2006) (per curiam)). Courts, therefore, lack "constitutional jurisdiction" to resolve an issue where there is no Article III controversy.  *See Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999).

An exception to the mootness doctrine exists for a controversy that is "capable of repetition, yet evading review."  *United States v. Sanchez–Gomez*, 138 S. Ct. 1532, 1540 (2018) (internal quotation marks and citation omitted).  This exception requires that elements must be met: "(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the complaining party [will] be subject to the same action again."  *Kingdom Technologies, Inc.*

*v. United States*, 136 S. Ct. 1969, 1976 (2016) (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)).   Thus, to fall under this exception, an inmate who has been transferred out of a particular facility where the complained-of conduct occurred "must show either a 'demonstrated probability' or a 'reasonable expectation' that he would be transferred back to [that facility] or released and reincarcerated there."   *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (quoting *Murphy v. Hunt*, 455 U.S. 478, 482 (1982)).   *See also Sanchez-Gomez*, 138 S. Ct. at 1540 (requiring "reasonable expectation that the complaining party will be subjected to that same action again").

### (2)     The Parties' Contentions and Analysis

In his summary judgment motion, Warden Richardson contends that Plaintiff claims have been rendered moot in the wake of his transfer from the McConnell Unit to the Bill Clements Unit.   (D.E. 93, pp. 4-6).   Plaintiff responds that he has been subjected to a retaliatory transfer to a far more dangerous prison where he continues to suffer from acts of retaliation.   (D.E. 121, pp. 9-10).   Plaintiff, therefore, contends that his retaliation claims are not moot because the acts of retaliation remain ongoing at the Bill Clements Unit and because he is the victim of a general policy of mistreatment.   (D.E. 121, pp. 15-18).   According to Plaintiff, therefore, the retaliatory conduct allegedly perpetrated by McConnell Unit and Bill Clement officials, coupled with his transfer between the units, all occurred pursuant to a system-wide TDCJ policy to harass "writ writers" such as Plaintiff.   (D.E. 121, p. 21).

It is undisputed that Plaintiff was moved to the Bill Clements Unit in February 2021. Where an inmate challenges conditions of confinement at a particular prison facility, the

transfer of the inmate out of that facility generally renders moot any claims for injunctive or declaratory relief moot against defendants at that unit. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (holding that plaintiff's transfer to a different prison facility rendered his claims for declaratory and injunctive relief moot); *Cooper v. Sheriff, Lubbock Cnty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (holding that inmate's transfer from county jail to state prison rendered moot his claims for injunctive relief); *Hernandez v. Garrison*, 916 F.2d 291, 293 (5th Cir. 1990) (per curiam) (holding that prisoner's Eighth Amendment claims, including allegations of overcrowding and denial of adequate medical treatment, were moot after he was transferred to another correctional facility and only remedy he sought was a transfer); *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988) (holding that prisoners who were no longer in Retrieve Unit could not seek injunctive relief against conditions of confinement there); *Sias v. Jacobs*, No. 6:17cv413, 2017 WL 8229544, at *4 (E.D. Tex. Dec. 11, 2017) (holding that a prisoner's transfer from a prison unit renders moot his claims of deliberate indifference to his health when seeking injunctive relief against the defendants at that unit).

In certain circumstances where an inmate is transferred to another prison, an inmate may avoid dismissal on mootness grounds by identifying in his complaint a statewide or prison-system policy that led to the constitutional violations which remain ongoing at the new prison unit. *See Oliver*, 276 F.3d at 741. *See also Lehn v. Holmes*, 364 F.3d 862, 871-72 (7th 2004) (reversing district court's dismissal of inmate's complaint on mootness grounds, concluding that inmate was not seeking injunctive relief for a condition specific to a particular prison, but rather was seeking relief from a condition that stems from a system-

wide policy). Such allegations of a system-wide policy relate to the principle as to whether an alleged constitutional violation is "capable of repetition yet evading review." *Oliver*, 276 F.3d at 741 (citation omitted).

A review of Plaintiff's complaint reflects that he named only McConnell Unit officials and that his allegations of retaliatory misconduct were limited to incidents occurring at the McConnell Unit. Other than making a cursory reference to TDCJ procedure and policy in the original complaint, Plaintiff neither names as a defendant any TDCJ executive official nor identifies a current TDCJ policy as leading to the unconstitutional retaliatory actions taken by McConnell Unit officials.

Furthermore, a fair reading of Plaintiff's complaint reveals that, by seeking the cessation of all unconstitutional or unlawful conduct committed by McConnell Unit officials, Plaintiff's request for injunctive relief is limited to the McConnell Unit. The undersigned concludes, therefore, that Plaintiff's retaliation claims seeking injunctive relief against Warden Richardson have been rendered moot by his transfer to another facility. *See Taylor v. Nelson*, No. W-19-CA-467, 2020 WL 7048605, at *3 (W.D. Tex. Dec. 1, 2020) (concluding that, upon her transfer from the TDCJ's Lane Murray Unit to the Hobby Unit, an inmate's claims regarding the confiscation of a hijab were rendered moot as she failed to make any general allegations challenging a TDCJ policy and instead focused her claims against employees of the Lane Murray Unit).[2]

---

[2] Plaintiff filed a separate § 1983 case in which he claimed that McConnell Unit officials had acted with deliberate indifference to his health by exposing him to strobe-capable flashlights. *Hoffman v. Furr, et al.*, Case No. 2:18-CV-328 (S.D. Tex.). In contrast to Plaintiff's allegations in this case, Plaintiff named the TDCJ Director in his original complaint and specifically sought to challenge TDCJ policy regarding the use of such flashlights and enforcement of any existing policy at the state's prison units. Thus, the undersigned recommended that Plaintiff's deliberate indifference claims in that case were not rendered moot by his transfer to the Bill Clements Unit.

In an attempt to avoid dismissal on mootness grounds, Plaintiff vigorously contends that the competent summary judgment evidence shows the transfer to the Bill Clements Unit was not motivated by medical reasons regarding heat sensitivity and was instead an act of retaliation to moot Plaintiff's claims in this lawsuit.  (D.E. 121, pp. 18, 24-26).  Plaintiff states in his declaration that, on the day of his transfer to the Bill Clements Unit, Officer Rangel admitted to Plaintiff that the McConnell Unit's current warden, Evelyn Castro, had to "pull[] some major strings in Huntsville" to get Plaintiff transferred.  (D.E. 121-1, p. 27).

Warden Richardson has submitted competent summary judgment evidence showing that, following a Unit Classification Review, Plaintiff was determined not to be eligible to stay at the McConnell Unit due to his heat eligibility score and was transferred to the Bill Clements Unit.  (D.E. 93-1).  Plaintiff has submitted considerable evidence in an effort to show that he was transferred based on a false heat sensitivity score and that his actual medical condition, including any sensitivity to heat, had nothing to do with his transfer to the Bill Clements Unit.  (*See* D.E. 121-1).   In his declaration, Plaintiff states that his heat scores from 2018 until the day of his transfer were never high enough to justify a transfer and that his heat restrictions were removed after the transfer on March 22, 2021.  (D.E. 121-1, p. 17).

At the outset, the undersigned notes that Plaintiff neither has a protected liberty interest in where he is housed nor a constitutional right to be incarcerated at a particular facility or unit. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976).  Plaintiff otherwise cites no caselaw to support the proposition that his claims should not be mooted where he can demonstrate his transfer to another prison was

effectuated through wrongful or retaliatory tactics. Indeed, the Supreme Court has explained that "mootness, however it may have come about, simply deprives us the power to act; there is nothing for us to remedy, even if we were disposed to do so." *Spencer*, 523 U.S. at 18.

By moving Plaintiff to another unit, he is no longer subject to the alleged misconduct alleged in his complaint perpetrated by the McConnell Unit prison officials. Thus, even when construing the summary judgment evidence in a light most favorable to Plaintiff, his claims against Warden Richardson have been rendered moot by his transfer to the Bill Clements notwithstanding that his transfer may have been effectuated through wrongful or retaliatory means. Accordingly, the undersigned respectfully recommends that Warden Richardson's Motion for Summary Judgment (D.E. 93) on the issue of mootness be granted.

## B. Plaintiff's Motion to Replace Parties

Plaintiff has filed two virtually identical motions seeking to replace Warden Richardson with former TDCJ Director Lorie Davis. (D.E. 113, 120). In these motions and his response to Warden Richardson's summary judgment motion, it is readily apparent that Plaintiff seeks not only to add former Director Davis to this case, but also to add additional defendants and claims to this action.

In his response brief, Plaintiff seeks to raise new claims related to the following allegations: (1) Bill Clements Warden Adam Gonzalez and other officials at that unit have retaliated against Plaintiff through various adverse actions; (2) current McConnell Unit Warden Castro and Warden Gonzalez, who previously worked as a major at the McConnell Unit, originally orchestrated the campaign of retaliation against Plaintiff during the years

2011-2014; and (3) Plaintiff was subjected to retaliation when he was transferred from the McConnell Unit to the McConnell Unit in February 2021.  (D.E. 121, pp. 17-19, 23-27). Plaintiff further stated in his response brief that he had filed a motion to amend complaint seeking to add as defendants Warden Castro, Warden Gonzalez, and the current TDCJ Director Bobby Lumpkin.  (D.E. 121, p. 19).  Plaintiff further seeks to amend his complaint by adding that he "pursuing his injunctive relief for every unit, at a system-wide level, as he has no way to predict where the retaliation will continue."  (D.E. 121, pp. 20-212).

Warden Richardson responds that Plaintiff's attempt to amend his complaint two years after the filing of this case should be denied because: (1) he impermissibly seeks to amend this action with new claims and parties after the expiration of the Court-ordered deadline for filing such amendments; (2) Plaintiff has failed to include a completed proposed amended complaint to any of his pleadings; (3) any such claims raised for the first time as part of his response to the summary judgment motion are not properly before the court; and (4) Plaintiff's attempts to amend his complaint are futile because he cannot show that he exhausted his new claims before filing this action.  (D.E. 114, pp. 3-9).

Plaintiff's motions to replace parties or otherwise amend this action should be denied for the reasons stated by Warden Richardson.  First, Plaintiff attempts to raise for the first time in his response to Warden Richardson's summary judgment motion all of his proposed amendments regarding retaliatory transfer, the origination of the campaign of retaliation in 2011-2014, official misconduct at the Bill Clements Unit, and the additions to his injunctive relief request at a state-wide level.  Because these claims were raised for the first time in connection with his response to a summary judgment motion, they are not properly before

the Court.  *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) (citing *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990)).

With regard to the claim of retaliatory transfer, Plaintiff referenced in his original complaint the possibility of such a claim occurring in the future.  In a section entitled "Notice of Pre-Emptive Retaliation," Plaintiff stated therein that "[s]hou[ld] defendants move the Plaintiff to another unit after the filing of this suit, this will be retaliation, by the defendants." (D.E. 1, p. 26).  At the time the complaint was filed, all Plaintiff could do was speculate whether he would be subjected to a retaliatory transfer.  However, "a claim of retaliation cannot be prospective or speculative because the inmate claiming retaliation must identify an actual retaliatory act."  *Burley v. Davis*, No. 6:17cv490, 2018 WL 3301708, *3 (E.D. Tex. Feb. 5, 2018).  Accordingly, Plaintiff's claim of retaliatory transfer, much like all of his proposed amendments, were raised for the first time in his response to the summary judgment motion.

Plaintiff nevertheless states that he, in fact, filed a motion to amend seeking to add all his new claims and defendants.  However, court records do not reflect that any such motion to amend was received for filing in this case.  Even construing Plaintiff's response brief as including a motion to amend this case, such motion should be denied.  First, as a procedural matter, Plaintiff failed to comply with the Court's Scheduling Order issued on September 15, 2020 (D.E. 86) by not attaching either to his response or any other submission a completed proposed amended complaint.

Second, Plaintiff's motion to amend fails as his proposed amendments would be futile.  Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely

given when justice so requires." Determining when justice requires permission to amend rests within the discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

A federal court has discretion to deny a motion to amend when that amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *McCoy v. Alamu*, 950 F.3d 226, 234, n. 12 (5th Cir. 2020). "An amendment is futile if, after the amendment, the complaint would still 'fail to state a claim upon which relief could be granted.'" *Burnette v. RateGenius Loan Services, Inc.*, 671 F. App'x 889, 894 (5th Cir. 2016) (quoting *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000)).

The Prison Litigation Reform Act (PLRA) requires a prisoner to exhaust all of his available administrative remedies before filing suit. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 83 (2006). "District courts have no discretion to excuse a prisoner's failure to properly exhaust the grievance process before filing their complaint[,]" and "[i]t is irrelevant whether exhaustion is achieved during the federal proceeding." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Thus, to the extent that Plaintiff seeks to add claims and defendants associated with his allegations of retaliatory transfer and misconduct at the Bill Clements Unit, such claims fail for failure to exhaust available administrative remedies before filing this lawsuit. Furthermore, Plaintiff's claims seeking to challenge a retaliation campaign orchestrated against Plaintiff in 2011-2014 by Wardens Castro and Gonzales also would be futile for failing to state a claim because the applicable two-year statute of limitations' period for bringing such claims at this time has long since expired. *See Walker*

*v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008); *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).

The Court also retains discretion to deny a motion to amend if the proposed amendments would cause the case undue delay. *Foman*, 371 U.S. at 182.  After more than two years of litigating this case and after the expiration of the deadline to file any amendments, Plaintiff now attempts to expand this lawsuit in an exponential fashion by not only challenging conditions at the McConnell Unit but also challenging: (1) the decision to transfer Plaintiff as a retaliatory action; (2) various acts of alleged misconduct perpetrated by officials at the Bill Clements Unit; and (3) TDCJ system-wide policies.  Litigation of such complex issues at this time would unduly delay the resolution of this case.

Accordingly, for all of the reasons discussed above, the undersigned respectfully recommends that the Court deny Plaintiff's motions to replace Warden Richardson with former TDCJ Director Davis (D.E. 113, 120) and to otherwise deny Plaintiff's motion to amend which was detailed in his response brief.  (D.E. 121).

### C.  Motions for TRO and Preliminary Injunction

Plaintiff has filed motions for a TRO or preliminary injunction, requesting the Court to return him to the McConnell Unit.  (D.E. 91, 102).  Plaintiff contends that he was subjected to a retaliatory transfer to a more violent prison for no legitimate reason.  (D.E. 91, pp. 1-2, 42).  Plaintiff further asks the Court to prohibit moving Plaintiff from the McConnell Unit, unless it is for emergency medical reasons or release.  (D.E. 91, p. 42).  Warden Richardson contends in his response that Plaintiff has failed to carry his burden on the four requirements for a preliminary injunction.  (D.E. 100).

In order to obtain a preliminary injunction under Federal Rule of Civil Procedure 65, the movant must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) the injunction will not disserve the public interest. *Texans for Free Enterprise v. Texas Ethics Com'n*, 732 F.3d 535, 536-37 (5th Cir. 2013).   Injunctive relief is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance.  *Sepulvado v. Jindal,* 729 F.3d 413, 417 (5th Cir. 2013) (internal citations and quotations omitted).   Plaintiff must carry the burden as to all four elements before a preliminary injunction may be considered.  *Voting for America, Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (internal quotations and citations omitted).

Plaintiff's motion fails to warrant the extraordinary remedy of a preliminary injunction as he has failed to demonstrate a substantial likelihood of success on the merits. As discussed above, Plaintiff's retaliation claims against Warden Richardson for injunctive relief have been rendered moot by his transfer to the Bill Clements Unit.  Plaintiff has otherwise failed to successfully amend his case to add any additional claims pertaining to his current confinement or alleged retaliatory transfer.  In the absence of showing any likelihood of success on the merits of his claims, Plaintiff's motions for preliminary injunctive relief (D.E. 91, 102) should be denied.

## VI.    RECOMMENDATION.

For the foregoing reasons, **IT IS RESPECTFULLY RECOMMENDED** that Warden Richardson's Motion for Summary Judgment (D.E. 93) be **GRANTED** and that

Plaintiff's retaliation claims against Warden Richardson for injunctive relief be **DISMISSED as moot**.

**IT IS RESPECTFULLY RECOMMENDED** further that Plaintiff's motions for a TRO and/or for preliminary injunction (D.E. 91, 102) be **DENIED**, that Plaintiff's identical motions to replace Warden Richardson with TDCJ Director Davis (D.E. 113, 120) be **DENIED**, and that Plaintiff's motion to amend, construed as embedded within his response to the summary judgment motion (D.E. 121), be **DENIED**.   It is further recommended that final judgment be **ENTERED**  and that this case be **CLOSED**.

Respectfully submitted this 11th day of August, 2021.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).